## WALL's Ex'x. vs. WALL.—June 1827.

The plea of limitations has been adjudged not to be a plea to the merits, and the universal practice has accordingly been never to permit it to be amended, and to demand that it should be filed by the rule day. It has never been received, unless by consent of the parties, by a mere docket entry of the plea, or otherwise than at length.

There being several actions on the same bond, one against the principal—another against his surety, the same counsel acting for both, the plea of limitations being filed by him in one suit, he cannot direct the clerk of the court to file a similar plea in the other *mutatis mutandis*, but the plea must be filed at length in both, for those suits, as to all questions of pleading, are as separate and distinct, as if they had been brought on different causes of action.

Where the subject decided by the inferior court is left by law to their discretion, as in the refusal to grant a new trial, it has been adjudged that a writ of error will not lie.

Where a court has established rules for its government and that of suitors, fixing days for the filing of pleading, and where the long established practice of the courts require special pleas to be drawn up and filed at length, there exists no discretion in the inferior court to dispense at pleasure with their own rules, or to innovate upon such established practice; and a party injured by such a course has an undoubted right to seek redress in an appellate court.

Where a defendant pleaded payment, and limitations, on which pleas issues were joined, and the jury found for the plaintiff on the first issue, and for the defendant on the second, the appellate court, having determined that the county court erred in receiving the plea of limitations, reversed the judgment which that court had rendered for the defendant, and gave judgment for the plaintiff.

APPEAL from *Prince-George's* County Court. This was an action of debt on a bond for the payment of money. The defendant below, (the now appellee,) pleaded payment, and also the act of limitations, in the manner hereinafter stated.

At the trial it appeared that the plea of limitations, upon which the defendant wished to rely, had not been actually filed in the cause, but only in a preceding cause against the executors of the principal in the bond, in the declaration mentioned, (the said bond being joint and several, and several suits having been instituted thereon,) with instructions on the said plea, endorsed to the clerk, to file the same in the other suits *mutatis mutandis;* and it appeared further by the docket, that the entries in this case were the same as in the case against the executors of the principal, showing that the act of limitations had

been filed and pleaded at the same time. The defendant further gave in evidence, by the record, that the plea of limitations in the suit against the executors of the principal, had been filed in time, by the plea day. The plaintiff objected to receiving the said plea in this manner, and insisted that inasmuch as the same had not been regularly filed in this cause by the plea day, and was not a plea to the merits of the cause, it could not now be received by the court. But the Court, [*Stephen*, Ch. J. and *Key* and *Plater*, A. J.] were of opinion, and so decided, that the filing of the said plea in manner aforesaid, in the cause against the principal, was sufficient to entitle the defendant to the benefit thereof in this cause, in like manner as if the said plea had been actually and in due time filed in this cause, and that the same should be received, and that the plaintiff should reply thereto. The plaintiff excepted; and on the general replications being entered to the pleas of payment and the act of limitations, the jury found a verdict for the plaintiff on the *first* issue, and ascertained the sum due to the plaintiff on the bond. Upon the other issue they found a verdict for the defendant; and judgment was entered for the defendant. The plaintiff appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, ARCHER, and DORSEY, J.

*Mitchell*, for the Appellant. 1. The court below erred in deciding that the plea of limitations was well pleaded, and in enforcing the rule replication to it. 2. Also in receiving the plea at all after the rule day, it not being a plea to the merits. 3. The receiving the plea in the manner it was received, being a departure from the general rules of practice; if it was authorised by any particular rule of the court below, the rule should appear in the record. He referred to 2 *Bac. Ab.* 503. *Bennet vs Holbeck*, 2 *Saund.* 317. *M'Fadon vs Martin*, 3 *Harr. & M'Hen.* 153. *Orme vs Lodge*, 3 *Harr. & Johns.* 83. *Whetcroft vs Dorsey*, 1 *Harr. & Johns.* 164. *Barnes vs Blackiston*, 2 *Harr. & Johns.* 376. *Lamott vs M'Laughlin*, 3 *Harr. & M'Hen.* 324. *Benson vs Davis's Adm'r.* 6 *Harr. & Johns.* 272.

*R. Johnson*, for the Appellee, referred to *Marine Ins. Co. of Alexandria vs Hodgson*, 6 *Cranch*, 206. *Liter vs Green*, 2 *Wheat.* 306; and the act of 1785, *ch.* 80, *s.* 4.

ARCHER, J. delivered the opinion of the court. The plea of limitations has been adjudged not to be a plea to the merits; and the universal practice has accordingly been, never to permit it to be amended, and to demand that it should be filed by the rule day. It has never been received, unless by consent of the parties, by a mere docket entry of the plea, or otherwise than at length. The rules which govern the practice of the court of *Prince-George's* county, are not made part of the record; yet it is apparent from the bill of exceptions, and the opinion of the court therein expressed, that the plea is required in that court to be filed at length, and by the rule day; for the court have founded their opinion on the idea that the filing of the plea, with the attorney's directions, by the rule day, in the suit against *Berry*, the principal, was equivalent to the plea of limitations being filed in this suit, at large, and by the rule day.

There is no evidence of any assent that the plea should be received short, or by a mere docket entry of limitations, and there is clearly no other plea filed here. The plea is filed regularly and at length in the suit against *Berry*, the principal, but not in this; and as to all questions of pleading, they are as distinct and separate suits as if they had been brought on different causes of action, and not on the same instrument. It cannot be pretended that a general direction by an attorney to file a plea of limitations in all his cases, is to operate as such plea, whether it shall have been filed at length or not; and yet the principle of such a case would be precisely that of this. It may be a practice calculated to relieve the profession of some labour, but it is entirely too loose to subserve the purposes of justice, and we conceive ought not to be sanctioned.

It has been contended that the reception of the plea of limitations in the manner it was done, could not be assigned for error. It is certain that where the subject decided by the inferior court is left by law to their discretion, as in the refusal to grant a new trial, it has been adjudged that a writ of error will not lie. But where a court has established rules for its govern-

ment and that of suitors, fixing days for the filing of pleadings; and where the long established practice of the courts require special pleas to be drawn up and filed at length, there exists no discretion in the inferior court to dispense at pleasure with their own rules, or to innovate upon such established practice; and a party injured by such a course has an undoubted right to seek redress in this court. Every suitor is interested in the interpretation of the rules of court applicable to his case; and an erroneous judgment of the county court in relation to them may, in many cases, be as vitally injurious to him as a wrongful judgment upon the law which may govern his case.

The plea of limitations having been objected to should not have been received; but the proceeding upon this issue can in no manner affect the verdict of the jury on the plea of payment, which having been given for the plaintiff, the court below should have given judgment for him.

The judgment below is reversed, and this court direct judgment to be entered on the verdict for the plaintiff.

JUDGMENT REVERSED, &c.