## PAPPALARDO ET AL. *v.* LLOYD ET AL.

[No. 6, September Term, 1972.]

*Decided October 13, 1972.*

---

The cause was argued before MURPHY, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ., and PERRY G. BOWEN, JR., Associate Judge of the Seventh Judicial Circuit, specially assigned.

*James Robert Miller,* with whom were *Harvey B. Steinberg, Miller, Miller & Steinberg* and *Paul H. Mannes, Klavan & Mannes* and *Stephen R. Pagenhardt* on the brief, for appellants.

*William A. Ehrmantraut,* with whom were *Donahue & Ehrmantraut* on the brief, for Allan S. Lloyd, one of appellees. *Joseph B. Simpson, Jr.,* with whom were *Joseph J. D'Erasmo* and *Simpson & Simpson* on the brief, for Suburban Hospital Association, Inc., other appellee.

PER CURIAM:

This is an appeal from an Order of the Circuit Court for Garrett County, Hamill, J., dismissing the case for want of prosecution pursuant to Maryland Rule 530. The significant docket entries show that notice to counsel of record of its contemplated dismissal under Rule 530 was filed April 26, 1971. Counsel for the plaintiff raised no contention at that time that this notice was not properly sent nor that the period required to bring into play

Rule 530 had not expired. On May 25, 1971 the plaintiffs moved the court to suspend the operation of Maryland Rule 530, and the court on that day entered an Order directing "that the operation of Rule 530 of the Maryland Rules of Procedure be and the same is hereby suspended in this cause. It is further ordered that the operation of said Rule 530 will be enforced unless this cause is set for trial on or before January 1, 1972". Thereafter on September 14, 1971 the case was continued by the court at its call of the docket. Thereafter on January 7, 1972 the defendants presented to the court without notice to the plaintiffs' counsel a Motion to Dismiss pursuant to Maryland Rule 530 upon which the court signed *ex parte* the following Order on that date: "Ordered that the Clerk shall enter on the docket dismissed for want of prosecution". Thereafter the plaintiffs moved to reinstate the case on January 28, 1972. This Motion was denied. From these latter two actions the present appeal is taken.

The plaintiffs contend that the docket entry of September 14, 1971 showing the case continued is a proceeding of record and that they were denied due process of law when the final Order of January 7, 1972 was signed without notice to them and an opportunity to be heard. We are unable to agree with either of these contentions.

The continuance of a case at a time when the same has not been set for trial as a result of a formal call of the docket is not such a proceeding of record as is contemplated by Maryland Rule 530. This disposes of the first of appellants' contentions.

This case was ripe for dismissal and the notice required by the Rule was given April 26, 1971. The Order which suspended the operation of the Rule set forth that the suspension was conditioned upon a specific act to be performed by plaintiffs' counsel. When they failed to comply within the time allowed, the case was in effect dismissed upon the expiration of the time fixed in the Order. The formal Order of Dismissal entered by the

court on January 7, 1972 required no further notice and simply reduced to writing what was an accomplished fact. The action of the lower court, therefore, will be affirmed.

> *Order affirmed.*
> *Costs to be paid by appellants.*