CONNIE M. HOFFER *v.* ANTHONY DE CRENZO, INCORPORATED

[No. 930, September Term, 1974.]

*Decided June 5, 1975.*

The cause was argued before GILBERT, MOORE and MASON, JJ.

*Richard R. Beauchemin,* with whom were *Herbert J. Arnold, Joseph Y. Brattan* and *Arnold, Beauchemin & Huber, P. A.,* on the brief, for appellant.

*James D. Peacock* and *E. Charles Dann, Jr.,* with whom were *Semmes, Bowen & Semmes* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

The appellant, Connie M. Hoffer, brought suit in the Superior Court of Baltimore City on January 13, 1969 against the appellee, Anthony De Crenzo, Incorporated. The suit alleged that because of the negligent construction and

installation of a "gondola",[1] the appellant was severely injured on January 14, 1966 when the gondola "collapsed and fell on top of the body of the" appellant. We were advised on oral argument that appellant had been determined by the Workmen's Compensation Commission to be disabled totally and permanently.

After the litigation had been commenced in the Superior Court, the appellee filed its plea on February 3, 1969, and the case was entered on the consolidated trial docket on February 6, 1969. The case was not tried during the succeeding three years. The docket entries under date of July 13, 1972 reveal, "Notice sent in accordance with Supreme Bench Rule 528 L." Section (1) of that rule provides:

> "(1) Each year within not less than thirty days and not more than sixty days prior to the beginning of the September Term of Court, the Assignment Commissioner shall return to the Clerk of the Court where the same was instituted all cases which have been on the Consolidated Trial Docket for a period of two years or more. Immediately upon receipt thereof the Clerk of the Court shall notify all counsel of record at their respective addresses, as shown on the pleadings, served in the manner provided by Maryland Rule 306, that an order of dismissal for lack of prosecution will be entered after the expiration of thirty days unless, prior to the expiration of such period, a motion is filed pursuant to subsection (3); in the event counsel has died or his appearance has been stricken pursuant to Maryland Rule 125 and the party represented is not represented by another attorney of record, or is proceeding in proper person, the Clerk shall send the notification required by this Section to such party at the address shown on the pleadings."

Following notice being sent to counsel, the appellant

---

1. A health and beauty aid counter.

moved to restore the case to the trial docket, and an order of court dated September 1, 1972, in which the case was set for trial on December 4, 1972, was filed. We observed that the date fixed for trial was within the *first* term of court after the restoration of the case to the trial docket.[2] The issue was not tried on December 4, 1972, instead a series of petitions and orders thereon rescheduling the trial date was commenced.[3] The case was carried forward from term to term until November 13, 1974 when appellee moved to dismiss pursuant to Rule 528 L. The motion was resisted and a hearing was held before Judge James W. Murphy who determined that the case had to be dismissed. Accordingly, Judge Murphy granted the appellee's motion.

This is the second time within the year that we have been called upon to construe Supreme Bench Rule 528 L. The rule provides that any case that has been on the trial docket for *two*[4] years or more shall be entered as dismissed after thirty days unless, prior to the expiration of that time, a motion is filed to restore the case to the trial docket.

Subsections (4) and (6) of Supreme Bench Rule 528 L provide:

"(4) Any order issued by the Assignment Judge of the Supreme Bench restoring a case to the Consolidated Trial Docket pursuant to subsection (3) of this Rule shall therein set a right-of-way date

---

2. The terms of court before all courts of the Supreme Bench begin on the second Monday of January, May and September of each year. *See* Supreme Bench Rule 21.

3. The docket entries reveal:

| September 1, 1972: | Order of Court setting case for trial on December 4, 1972 (Cole, J.). |
| January 5, 1973: | Plaintiff's petition to extend time for trial until April 4, 1973. Order of Court granting same (Cole, J.). |
| June 25, 1973: | Plaintiff's petition to extend time for trial. Order of Court granting same and setting case for trial on October 10, 1973 (Thomas, J.). |
| October 12, 1973: | Order that case be continued to be rescheduled subsequent to December 10, 1973 (Carter, J.). |
| June 18, 1974: | Order that case be tried on December 2, 1974 (Foster, C. J.). |

4. Prior to September 9, 1974 the time period was *three* years.

for the trial of said case, which date shall not extend beyond the expiration of the next Term of Court; except that where the Assignment Judge is satisfied that it has been impossible to try said case on the date assigned, or a day subsequent thereto within that Term, because of the pendency of other cases on the Consolidated Trial Docket, he may assign a trial date not beyond the next subsequent Term of Court.

(6) Any case not tried or otherwise finally disposed of *within the term of Court following the date of issuance of an order replacing a case on the consolidated trial docket* pursuant to subsections (3) and (4) of this rule shall under no conditions be ordered reinstated by any order of Court or otherwise and shall be returned by the Assignment Commissioner to the Clerk of the Court in which the case was instituted and shall be forthwith marked dismissed by the Clerk." (Emphasis supplied).

This Court in *Chase v. Jamison,* 21 Md. App. 606, 320 A. 2d 580 (1974) had before it a case wherein the rule was employed, and a "motion to restore the case to the trial docket was filed. . . . The motion was heard and an order was entered restoring the case and setting . . . [a] final trial date." The case was not tried on the "final trial date", which occurred in the September Term, 1972, nor was it reached for trial in the January Term, 1973. In the words of Judge Powers, speaking for this Court at 21 Md. App. 610, the case then, "reached the end of its rope." Judge Powers pointed out that:

"The court's discretionary control over the case extended for a period in excess of three [5] years, plus the span of two more terms of court. We think that the purpose and the effect of Rule 528L are to fix an outside limit on the time for termination of

---

5. *But see* n. 4, *supra,* and current Supreme Bench Rule 528 L(1).

litigation, beyond which limit the reasons why a case has not been terminated become irrelevant, the case is removed from the area of judicial discretion, and the only action permitted is the application of the self-executing provisions of the rule, willy-nilly, however harsh or arbitrary the result may be."

In the case now before us counsel for the appellant seek to distinguish their cause from *Chase.* They argue:

"It should be noted that in the time span within a nine month period prior to the date set for trial of this case . . . both Plaintiff and Defendant's counsel had been engaged in continuing discovery proceedings and that Depositions were, in fact, taken on the day before the hearing on the Motion to Dismiss filed herein. Additionally, and more significantly, it should be noted that during that same period of time, all counsel had full knowledge as to what facts were transpiring during that time span and, in fact, negotiations were being conducted, an offer having been made by Appellee's counsel to the Appellant to settle her claim."

We recognize that both the appellant and the appellee proceeded to carry forward the instant case from term to term, apparently oblivious to the strict requirements of Rule 528 L. Indeed, it was not until after *Chase v. Jamison, supra,* that appellee moved to dismiss, and in so doing bottomed its motion on *Chase.*

We are cognizant that Rule 528 L may in some cases produce harsh results, but the Rule is founded with,

". . . a clear eye on justice . . . which must be always available to litigants who diligently seek it . . . . To achieve it, those responsible for running the machinery of the court system, the means to that end, must be ever watchful that the machinery does not become fouled by cases which impair the system's ability to achieve its broad goal. Supreme

Bench Rule 528L is one way of keeping watch."
*Chase v. Jamison, supra* at 611.

*Chase v. Jamison, supra,* is dispositive of the case at Bar. It is to be observed that Judge Cole's order of January 5, 1973, *see* n. 3, *supra,* set the case for trial on April 4, 1973, a date falling within the *second* term following the restoration of the case to the trial docket. *See* Supreme Bench Rule 528 L(4) and (6). Trial not having occurred within the second term following the restoration of the case to the trial docket, the matter was terminated, and no amount of judicial orders, n. 3, *supra,* or agreements of counsel, could resurrect the court's control over the case. In short, when discretionary control was terminated, "All the king's horses and all the king's men couldn't . . . [revive it] again."

*Judgment affirmed; costs to be
paid by appellant.*