DONALD W. ARMES ET AL. *v.* WILLIAM R. COOK ET AL.

[No. 511, September Term, 1976.]

*Decided January 3, 1977.*

390

The cause was argued before POWERS, MENCHINE and MOORE, JJ.

*Frank Sacks* for appellants.

No appearance for appellees.

POWERS, J., delivered the opinion of the Court.

This case was initiated by the filing in the Superior Court of Baltimore City, on 17 September 1973, of a declaration claiming damages for personal injuries alleged to have been sustained in a motor vehicle collision in Fairfax County, Virginia. Plaintiffs were Donald W. Armes, joined by his wife, Mary Armes, and James N. Miller, all of Baltimore. Armes and Miller had been passengers in an automobile driven by William R. Cook, of Baltimore, who was named as one of the defendants. Other defendants were a truck driver, with an address in Colorado, and the corporate owner of the truck, with an address in Missouri.

Defendant Cook was served, and filed a general issue plea. On a preliminary motion, judgment was entered for the trucking company. The driver was never served. Although the case remained alive against Cook, no proceedings of record had been taken between 11 March 1974, and 24 December 1975, when the clerk of the court sent notification to the parties that as provided by Maryland Rule 530 an Order of Dismissal for Lack of Prosecution would be entered after 30 days, unless a motion were filed under section c. of Rule 530.

Through counsel, the plaintiffs invoked the discretion

Note: *Certiorari* granted, Court of Appeals of Maryland, June 16, 1977.

given to the court in Rule 530, § c., and filed, on 14 January 1976, a motion to suspend the operation of the Rule. On the same day Judge Shirley B. Jones signed an order which read:

"ORDERED that the operation of Rule 530 be and it is hereby suspended in the above captioned case for a period of 90 days days from the date of this Order. If not tried within said 90 days, the case shall be dismissed. SBJ"

The part of the order which is underlined was handwritten by Judge Jones. Counsel filed with the clerk a request that the case be placed upon the Consolidated Jury Trial Docket.

The docket shows this entry, made 20 April 1976:

"Dismissed under Rule 530 of the Maryland Rules of Procedure for lack of prosecution. Judgment absolute in favor of the defendants for costs."

On 26 April 1976 the plaintiffs filed a motion to "Overturn the Dismissal" and reinstate the case. The motion alleged that a trial date of 2 June 1976 had been set. The motion was heard before Judge Jones on 11 May. On 26 May 1976 she denied the motion. In a brief memorandum Judge Jones said:

"Plaintiffs' counsel contends in the present motion that he was advised by the Assignment Office that the case would be assigned in numerical order for trial on June 2, 1976, and that the case would not be dismissed because it had been assigned for trial. If counsel relied on such advice, as he claims to have done, such reliance was misplaced. The terms of the suspension were made a part of the January 14th order pursuant to Rule 530 c., and were abundantly clear. There is no showing, and indeed no claim that a trial date within the prescribed time could not have been obtained pursuant to that order. The act of simply obtaining *any* trial date did not comply with the order.

"In the judgment of this court, Rule 625 is not

392

intended under circumstances such as these to abrogate the intent of Rule 530. This intent has been abundantly enunciated by the appellate courts."

The appeal before us brings up only the lower court's denial of the motion to reinstate the case.

Presumably the motion, filed within thirty days after the entry of the judgment, invoked the discretionary revisory power and control over such judgment committed to the court by Maryland Rule 625, § a. The discretionary power to suspend or not to suspend the operation of Rule 530, discussed by the Court of Appeals in *Stanford v. District Title Ins. Co.*, 260 Md. 550, 555, 273 A. 2d 190 (1971), had already been exercised by Judge Jones, favorably to the plaintiffs, upon what she termed "very minimal cause shown".

. It appears that the Rules do not contemplate a second discretionary judicial look at a case after the entry of a judgment of dismissal for failure to comply with the terms of an earlier order suspending the operation of Rule 530, and granting the "brief reprieve" referred to in *Stanford*.

In *Pappalardo v. Lloyd*, 266 Md. 512, 295 A. 2d 221 (1972), a notice of contemplated dismissal under Rule 530 had been sent; the plaintiffs had moved the court to suspend the operation of the Rule; the lower court had entered an order suspending the operation of Rule 530, but had also ordered that the Rule would be enforced unless the cause were set for trial by a specified date; the date had passed, and the case had not been set for trial; and the court had ordered the case dismissed for want of prosecution. The plaintiffs had moved to reinstate the case, and their motion had been denied. The Court of Appeals said, at 514-15:

"This case was ripe for dismissal and the notice required by the Rule was given April 26, 1971. The Order which suspended the operation of the Rule set forth that the suspension was conditioned upon a specific act to be performed by plaintiffs' counsel. When they failed to comply within the time

allowed, the case was in effect dismissed upon the expiration of the time fixed in the Order. The formal Order of Dismissal entered by the court on January 7, 1972 required no further notice and simply reduced to writing what was an accomplished fact."

If we apply *Pappalardo* as we read it, the dismissal of the case now before us became an accomplished fact by the operation of the self-executing provisions of Rule 530, and there was no further room for the exercise of discretion. If, on the other hand, a motion to reinstate a case after entry of a judgment of dismissal under Rule 530 requires the court to take another discretionary look at it, Judge Jones did so. Her memorandum makes it clear that she found no good cause to support the motion to reinstate the case. We hold that her denial of the motion was not an abuse of discretion.

*Order affirmed.*
*Appellants to pay costs.*