MARGARET A. OWEN *v.* NORMAN
R. FREEMAN, JR.

[No. 58, September Term, 1976.]

*Decided January 25, 1977.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Jonathan Schochor*, with whom was *Marvin Ellin* on the brief, for appellant.

*Richard Bloch*, with whom were *John F. King* and *Anderson, Coe & King* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

This is the tale of a stale case. The legal issue presented by this appeal concerns the applicability of Maryland Rule 625 a, pertaining to trial courts' revisory power and control, to judgments of dismissal for lack of prosecution pursuant to Rule 528 L(6) of the Supreme Bench of Baltimore City. Concluding both that Rule 625 a does apply to such final judgments and that the trial judge here erroneously failed to exercise the discretion entrusted to him under that rule, we will vacate his order and remand the action for further proceedings.

Before delving into the intricacies of these rules, we will initially delineate what has occurred with respect to this case, as yet not tried, over the past four and three-quarter years. Appellant Margaret A. Owen instituted this medical malpractice action in the Baltimore City Court against appellee Norman R. Freeman, Jr., M.D., on April 10, 1972. It was initially scheduled for trial on October 4, 1973, but due to a request of the defendant, an assignment and consent order was entered on September 19, 1973, resetting the action for trial on a "right-of-way" basis for April 15, 1974. Although the court specifically directed that counsel "avoid the starting of any prior proceeding immediately in advance of the instant case that might intrude into the trial date hereby set," the case was not tried on that April day. In fact, other than the plaintiff's filing of interrogatories in November 1973 and the defendant's answers thereto in January of the following year, the docket entries disclose no further activity until July 10, 1975. At that time a notice was mailed to counsel pursuant to Supreme Bench Rule 528 L,

informing them that an order of dismissal for lack of prosecution would be entered after the expiration of thirty days unless prior to that time a motion was filed seeking reinstatement of the case to the trial docket.[1] Such a motion was filed by the plaintiff's counsel on August 6, within the thirty-day period, and twelve days thereafter, Judge Solomon Liss signed an order setting trial for December 1, 1975, as a "right-of-way" case, with "no postponement."

---

1. Supreme Bench Rule 528 provides for the assignment of cases in the several civil law courts of Baltimore City primarily through a single Central Assignment Bureau which maintains consolidated trial dockets. Section L, dealing with the dismissal of cases for lack of prosecution, provides:

L. DISMISSAL FOR FAILURE OF PROSECUTION.

(1) Each year within not less than thirty days and not more than sixty days prior to the beginning of the September Term of Court, the Assignment Commissioner shall return to the Clerk of the Court where the same was instituted all cases which have been on the Consolidated Trial Docket for a period of two years or more. Immediately upon receipt thereof the Clerk of the Court shall notify all counsel of record at their respective addresses, as shown on the pleadings, served in the manner provided by Maryland Rule 306, that an order of dismissal for lack of prosecution will be entered after the expiration of thirty days unless, prior to the expiration of such period, a motion is filed pursuant to subsection (3); in the event counsel has died or his appearance has been stricken pursuant to Maryland Rule 125 and the party represented is not represented by another attorney of record, or is proceeding in proper person, the Clerk shall send the notification required by this Section to such party at the address shown on the pleadings.

(2) All cases returned to a Clerk of the Court pursuant to subsection (1) of this rule shall be dismissed by the Clerk and a judgment for costs shall be entered in favor of the defendant after the expiration of a period of thirty days following said notice by the Clerk. (Revised May 1, 1970)

(3) No case shall be dismissed by the Clerk pursuant to subsection (2) hereof if prior to the expiration of the period of thirty days following the notice to counsel by the Clerk of the return of said case to the Clerk by the Assignment Commissioner any party upon motion and good cause shown shall obtain from the Assignment Judge of the Supreme Bench an order restoring said case to the consolidated trial docket. (Revised May 1, 1970)

(4) Any order issued by the Assignment Judge of the Supreme Bench restoring a case to the Consolidated Trial Docket pursuant to subsection (3) of this rule shall therein set a right-of-way date for the trial of said case, which date shall not extend beyond the expiration of the next Term of Court; except that where the Assignment Judge is satisfied that it has been impossible to try said case on the date assigned, or a day subsequent thereto within that Term, because of the pendency of other cases on the Consolidated Trial Docket, he may assign a trial date not beyond the next subsequent Term of Court. (Amended December 4, 1970)

Perhaps the "rain and wind [that] beat dark December" [2] in 1975 kept counsel away from the Baltimore City Courthouse, but in any event, the action was not tried as scheduled. On January 12, 1976, the clerk of the court, as authorized by subsection (6), entered a judgment of *non pros* in favor of the defendant by marking the case: "Dismissed under Rule 528 L of the Supreme Bench of Baltimore City for lack of prosecution. Judgment absolute in favor of the defendant for costs of suit." Two days later, plaintiff Owen filed a motion "pursuant to Maryland Rule 625 a and Supreme Bench Rule 528 L," accompanied by a request for a hearing, to strike the judgment and reinstate the case; however, no hearing was held and that same day the motion was denied by Chief Judge Anselm Sodaro without explanation. On the sixteenth of January, Owen filed a motion to strike the court's January 14 order on the ground that she had not been afforded her requested hearing on the matter. Following a hearing, Chief Judge Sodaro on February 23 issued an order, accompanied by a memorandum opinion which mentioned Supreme Bench Rule 528 L(4) but did not refer to Rule 625 a, once again denying the plaintiff's reinstatement request.[3] On March 17,

(5) The date fixed in an order of Court issued pursuant to subsection (4) of this rule shall be by agreement of the parties and it shall be the obligation of the moving party to obtain such a date by agreement of all other parties and if said party shall be unable to obtain such agreement, then the Assignment Judge upon notice to all parties and opportunity to be heard shall fix said date. (Added March 16, 1967)

(6) Any case not tried or otherwise finally disposed of within the term of Court following the date of issuance of an order replacing a case on the consolidated trial docket pursuant to subsections (3) and (4) of this rule shall under no conditions be ordered reinstated by any order of Court or otherwise and shall be returned by the Assignment Commissioner to the Clerk of the Court in which the case was instituted and shall be forthwith marked dismissed by the Clerk. (Added March 16, 1967)

2. W. Shakespeare, *Cymbeline*, III, iii, 37.

3. Presumably Judge Sodaro concluded that the time for the determination of impossibility under subsection (4) had lapsed with the beginning of the new term of court on January 12. In view of our determination regarding the applicability of Maryland Rule 625 a, we do not reach the question whether under subsection (4) the assignment judge's power to determine if the case "has been impossible to try" exists only in the term of court in which the case was reinstated by order under subsection (3), or, as the plaintiff argues, that this power extends to the immediately subsequent term as well.

Owen's counsel noted an appeal to the Court of Special Appeals from the order of February 23, but we granted certiorari before that court considered the case.

The power of courts in this State to set aside judgments during the term they were entered has long been recognized as inherent to them as courts of record, and is generally subject only to the restraints imposed by rules of court. *See Tasea Investment Corp. v. Dale,* 222 Md. 474, 478, 160 A. 2d 920, 923 (1960); *Sunderland v. Braun Packing Co.,* 119 Md. 125, 130-31, 86 A. 126, 127-28 (1912); *Dorsey v. Gary,* 37 Md. 64, 74, 11 Am. Rep. 528, 529 (1872); *Kemp v. Cook,* 18 Md. 130, 138, 79 Am. Dec. 681 (1861); 3 J. Poe, *Pleading and Practice* § 388 (6th ed. H. Sachs 1975); *cf. United States v. Morgan,* 307 U. S. 183, 197, 59 S. Ct. 795, 83 L. Ed. 1211 (1939); *United States Fidelity & Guaranty Co. v. Poetker,* 180 Ind. 255, 102 N. E. 372, 376 (1913), *error dismissed,* 235 U. S. 683 (1914); *State v. Cannon,* 244 N. C. 399, 94 S.E.2d 339, 342 (1956); *In re Loevinger's Estate,* 40 S. D. 450, 167 N. W. 726, 727 (1918). *See generally* 20 Am.Jur.2d *Courts* §§ 78-79 (1965); 21 C.J.S. *Courts* § 88 (1940). This power may now be exercised in civil actions by trial courts, other than the District Court, only in accord with the dictates of Maryland Rule 625, Section a of which provides:

> For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity.

As is clear from the language of Rule 625 a, no judgment is specifically excluded from the operation of the rule, and our cases hold it applies to *all* final judgments. *See Davidson v. Miller,* 276 Md. 54, 85-86, 344 A. 2d 422, 440-41 (1975); *Owl Club v. Gotham Hotels,* 270 Md. 94, 100, 310 A. 2d 534, 537 (1973); *Maggin v. Stevens,* 266 Md. 14, 16, 291 A. 2d 440, 441 (1972). *See also Hughes v. Beltway Homes, Inc.,* 276 Md. 382, 347 A. 2d 837 (1975). Moreover, this Court has consistently

indicated that judgments entered in situations virtually identical with that of the present case are subject to this revisory power. We have held that a judgment of *non pros*, the same type that was entered here, is final for purposes of the applicability of Rule 625 a, *Williams v. Snyder, Adm'r*, 221 Md. 262, 267, 155 A. 2d 904, 907 (1959); that a dismissal for want of prosecution pursuant to local rules of other circuits is subject to the trial court's Rule 625 a revisory power, *Tydon v. Spong*, 237 Md. 107, 110-11, 205 A. 2d 220, 222 (1964) (Fourth Maryland Judicial Circuit) *Petite v. Estate of Papachrist*, 219 Md. 173, 177, 148 A. 2d 377, 380 (1959) (Circuit Court for Howard County); *Crawford v. Richards*, 193 Md. 236, 243, 66 A. 2d 483, 486 (1949) (Circuit Court for Allegany County); and that a dismissal for failure to place a case on the consolidated trial docket in accordance with Supreme Bench Rule 528 C is not exempt from the operation of Rule 625 a. *Mut. Benefit Soc'y v. Haywood*, 257 Md. 538, 540, 263 A. 2d 868, 870 (1970). *See also Bowen v. Rohnacher*, 15 Md. App. 280, 290 A. 2d 560, *cert. denied*, 266 Md. 742 (1972) (where Court of Special Appeals applied Rule 625 a to case dismissed under Supreme Bench Rule 528 L(2)). With respect to Maryland Rule 530, the statewide prescription governing dismissals for lack of prosecution in civil cases, we think it is significant that the Committee Note to Section c (appearing at page 274 of Volume 9B of the Maryland Code (1957, 1971 Repl. Vol.)), as that Section was originally adopted, stated that "relief [from a Rule 530 dismissal] may be granted under Rule 625." And contrary to what the Court of Special Appeals has stated in *Armes v. Cook*, 34 Md. App. 389, 392-93, 367 A. 2d 85, 86-87 (1977) and *Chase v. Jamison*, 21 Md. App. 606, 613, 320 A. 2d 580, 584 (1974), we find nothing which indicates otherwise in *Pappalardo v. Lloyd*, 266 Md. 512, 295 A. 2d 221 (1972) (per curiam).[4]

---

4. In *Pappalardo*, the trial court, pursuant to Rule 530 c, suspended the operation of that rule in a case ripe for dismissal on April 26, 1971, but further ordered that it would be enforced unless the case was set for trial on or before January 1, 1972. That day passed without a new trial date being designated, and on the seventh of January, the defendants presented a motion to dismiss for lack of prosecution under Rule 530 which the court granted by *ex parte* order that same day. Twenty-one days thereafter the

As we held in *Davidson v. Miller, supra,* 276 Md. at 86, 344 A. 2d at 440-41, "ordinarily in a civil proceeding the trial court possesses the power to reconsider and correct any of its rulings ... until a final judgment becomes enrolled." Finding nothing out of the ordinary with respect to final judgments entered pursuant to Supreme Bench Rule 528 L(6) dismissals and nothing in our rules or decisions which would indicate any intent that Maryland Rule 625 a should not be applied to these dismissals for lack of prosecution, we conclude that it applies. Because both *Chase v. Jamison,* 21 Md. App. 606, 320 A. 2d 580 (1974) and *Hoffer v. Anthony De Crenzo, Inc.,* 26 Md. App. 655, 338 A. 2d 424, *cert. denied,* 276 Md. 745 (1975) & 423 U. S. 1088 (1976), are premised on the ground that dismissals under Supreme Bench Rule 528 L(6) are not subject to being stricken under Maryland Rule 625 a, those cases must be, and are, overruled.[5]

It may be suggested that the Supreme Bench in adopting

plaintiffs moved to reinstate the case, but this motion was denied. Although the appeal to this Court was from both the order of January 7 dismissing the action and the January 28 order refusing to reinstate the case, the appellant's arguments were confined solely to the former. One of their contentions was to the effect that they were denied due process when this order was signed without notice to them. We rejected this, stating our reasoning in the following manner (266 Md. at 514-15, 295 A. 2d at 223):

When they failed to comply within the time allowed, the case was in effect dismissed upon the expiration of the time fixed in the Order. The formal Order of Dismissal entered by the court on January 7, 1972 required no further notice and simply reduced to writing what was an accomplished fact.

All this Court determined in *Pappalardo* was that the trial court properly dismissed the action on January 7, 1972, pursuant to Rule 530; we did not indicate, and in no way intended to intimate, that the suit could not, within the trial court's discretion, have been reinstated on January 28 pursuant to Rule 625 a. Therefore, we are unable to agree with the Court of Special Appeals that it is "significant" that we did not refer to the action of the trial court in *Pappalardo* as an exercise of discretion, Chase v. Jamison, 21 Md. App. 606, 613, 320 A. 2d 580, 584 (1974), inasmuch as we were not referring to the trial court's action under Rule 625 a (since that issue was not briefed and thus not before this Court, Harmon v. State Roads Comm., 242 Md. 24, 30-31, 217 A. 2d 513, 516-17 (1966)), but rather to its dismissal of the case pursuant to Rule 530. For the same reason, we disagree with the Court of Special Appeals' reading of *Pappalardo* in Armes v. Cook, 34 Md. App. 389, 393, 367 A. 2d 85, 87 (1977), where that court concluded that once a case was dismissed pursuant to Rule 530, "there was no further room for the exercise of discretion" under Rule 625 a.

5. Because the denial of a petition for certiorari has no significance with regard to the merits of a case, we find nothing inconsistent in our overruling of the *Hoffer* case today and our denial of certiorari in 1975. *See generally* United States v. Kras, 409 U. S. 434, 443, 93 S. Ct. 631, 34 L.Ed.2d

Rule 528 L intended that dismissals pursuant to its provisions would not be subject to reinstatement under Maryland Rule 625 a. Even if we assume the words of Supreme Bench Rule 528 L(6)—that cases not reinstated pursuant to subsections (3) and (4) "shall under no conditions be ordered reinstated by any order of Court or otherwise" — were intended to preclude the use of Rule 625 a, such an intent could not be effectuated. This is so because those parts of any local rule which are contrary to or inconsistent with the Maryland Rules are abrogated by the latter.[6] *Mut. Benefit Soc'y v. Haywood, supra,* 257 Md. at 541, 263 A. 2d at 871; *Bastian v. Watkins, Clerk,* 230 Md. 325, 331, 187 A. 2d .304, 307 (1963); *see* Md. Const., Art. IV, § 18A; Md. Rule 1 f. Moreover, the courts in Baltimore City cannot "relinquish" or "waive" the mandate expressed in Maryland Rule 625 a since it has long been recognized that the courts of this State cannot dispense with validly established rules. *See, e.g., Carey v. Safe Dep. & Tr. Co.,* 168 Md. 501, 518, 178 A. 242, 248-49 (1935); *Washington & R. Rwy. Co. v. Sullivan,* 136 Md. 202, 211, 110 A. 478, 481 (1920); *Gibbons v. Cherry,* 53 Md. 144, 149 (1880); *Hughes v. Jackson,* 12 Md. 450, 463 (1858); *Gist v. Drakely,* 2 Gill 330, 346, 41 Am. Dec. 426 (1844); *Dunbar v. Conway,* 11 G. & J. 92, 97-98 (1839); *Wall v. Wall,* 2 H. & G. 79, 81-82 (1827). Therefore, where Maryland Rule 625 a applies, as we have determined it does here, the courts of this State have no authority to refuse a proper request to exercise their discretionary revisory power for thirty days after the entry of a judgment. Of course, if it were determined desirable for some reason to prohibit the judges of the Supreme Bench from correcting injustices or other error after the entry of a judgment of dismissal for lack of prosecution under their Rule 528 L(6), a proper way to achieve that end would be for this Court to provide a specific exemption in Rule 625 a for such dismissal judgments.

---

626 (1973). We point out that we also denied the petition for certiorari in Bowen v. Rohnacher, 15 Md. App. 280, 290 A. 2d 560, *cert. denied,* 266 Md. 742 (1972), where a different judicial panel of the Court of Special Appeals did apply Rule 625 a to a case dismissed under Supreme Bench Rule 528 L.

6. Since the issue was not raised here, however, we do not consider whether Supreme Bench Rule 528 L, because of preemption or otherwise, is inconsistent with Maryland Rule 530.

Having settled this issue, we now determine what disposition should be made of this appeal. We note initially that the action is properly before us at this time. The entry of judgment occurred on January 12 when the clerk dismissed the plaintiff's action under the provisions of Supreme Bench Rule 528 L(6). Two days after, and again, four days after the entry of judgment, the plaintiff filed a motion pursuant to Rule 625 a requesting the court to reinstate the case. The standards for the appealability of orders pertaining to an unenrolled judgment such as the one here are now well settled: An appeal will not lie from an order of the court striking the judgment, since the rights of neither party are finally determined, whereas an appeal will lie from an order refusing to strike a judgment since such an order leaves the parties subject to the full operation of the judgment. *See, e.g., Gay Investment Co. v. Angster*, 231 Md. 318, 321, 190 A. 2d 95, 97 (1963); *Corbin v. Jones*, 199 Md. 527, 528, 86 A. 2d 911, 912 (1952); *Silverberg v. Dearholt*, 180 Md. 38, 40-41, 22 A. 2d 588, 589 (1941); *Hall v. Holmes*, 30 Md. 558, 560-61 (1869); 3 J. Poe, *supra*, § 389. Thus, Chief Judge Sodaro's order of February 23, refusing to strike the judgment entered against the plaintiff on January 12, was appealable because it was a final determination of the rights of the litigants. However, it appears from the record that Chief Judge Sodaro, probably following the *Chase* and *Hoffer* holdings that Rule 625 a was not applicable, denied the plaintiff's motion to reinstate the case without exercising the discretion mandated by Rule 625 a with regard to unenrolled judgments. Therefore, without indicating our view as to how that discretion should be utilized, we vacate his order of February 23, 1976, and remand the case for a Rule 625 a determination whether the judgment of January 12, 1976, should be stricken. *See Carlile v. Two Guys*, 264 Md. 475, 478, 287 A. 2d 31, 33-34 (1972); *Wash., B. & A. R. Co. v. Kimmey*, 141 Md. 243, 250, 118 A. 648, 650-51 (1922).

*Order vacated and case remanded*
*to the Baltimore City Court for*
*proceedings as herein stated.*
*Costs to abide the final result.*