EILEEN BARBARA ZELL BROOKS ET AL.
*v.* SAMUEL McMILLAN, JR.

[No. 845, September Term, 1978.]

*Decided April 17, 1979.*

The cause was argued before THOMPSON, LOWE and WILNER, JJ.

*Benjamin Swogell* for appellants.

*Rudolph R. Hill, Jr.,* with whom was *James L. Foster* on the brief, for appellee.

LOWE, J., delivered the opinion of the Court.

On November 19, 1975, the unimproved property of appellant, Eileen Barbara Zell Brooks, known as 3929 Cranston Avenue, Baltimore, Maryland, was sold by the City for taxes pursuant to Md. Ann. Code art. 81, § 72 (Repl. Vol. 1975).[1] On July 6, 1976, the purchaser, Samuel McMillan, filed a bill of complaint to foreclose rights of redemption pursuant to § 100, which allows a tax sale purchaser to move to foreclose the equity of redemption in Baltimore City after six months have elapsed following the sale.[2] Pursuant to § 106, subpoenas were issued to Ms. Brooks at the 3929 Cranston Avenue address but were twice returned non est. Publication was ordered on the same date as the first issuance according to § 107.

---

1. All references to sections of the statutes in this opinion are to sections of art. 81.

2. In the counties a purchaser must wait until one year and a day have elapsed following the sale.

Baltimore City also has another unique provision permitting an earlier move to foreclose for properties certified to be in need of repair. The bill of complaint in this case alleged such need and recited an appended certification pursuant to the statute but no such certification appears in the record. Since the bill of complaint was filed after six months, the absence of the certificate does not invalidate the filing of the bill, but it may inferentially reflect upon appellee's subsequent conduct.

On August 6, 1976, Ms. Brooks wrote to appellee's attorney of record, James L. Foster, Esq., by certified mail, return receipt requested, advising him that she intended to exercise her right of redemption pursuant to § 94 of art. 81, and requesting an itemized list of charges in accordance with that section. Ms. Brooks' return address was given in the letter as

> 6327 Craigmont Road
> Baltimore, Maryland
> #21228

Mr. Foster responded on August 27, 1976, to the Craigmont Road address setting forth $175.64 for advertising, $40.00 filing fees and $275.00 attorney's fees, requesting Ms. Brooks' "prompt attention to the above matter."

On September 3, 1976, Ms. Brooks filed a petition to redeem 3929 Cranston Avenue. The right of redemption may be exercised at any time before the passage of a final decree of foreclosure. *Heill v. Staniewski,* 265 Md. 722, 725 (1972); *Cahn v. Prince George's Homes,* 38 Md. App. 280, 284 (1977), *aff'd,* 283 Md. 76 (1978). Because § 94 (which deals with redemptions after foreclosure has been instituted) provides that the person so doing shall apply to the court to fix the amount of redemption, Ms. Brooks' petition prayed that the court fix the amount and that the Director of Finance provide her with a certificate of redemption upon payment of the sum. Section 94 also states that

> "[t]he collector shall accept no money for redemption as aforesaid unless and until a certified copy of the order of court fixing the amount necessary for such redemption shall be filed with the collector."

Accordingly, Ms. Brooks appended an order to her petition setting forth each of the sums provided her by Mr. Foster, plus an amount of $774.85 which presumably was the tax due. She provided space for, but left open, the interest due pursuant to § 93, and necessarily provided no total for the figures. She provided a paragraph to be filled with the date after which, if the amount determined by the court was not paid, she would lose her right to redeem.

Nothing relevant occurred from the filing of that petition and order on September 3, 1976, until December 2, 1977, when appellee filed a motion to dismiss the petition to redeem. This petition was not served on Ms. Brooks, nor was it mailed to her home address. It was certified to have been mailed to the 3929 Cranston Avenue property. Presumably without a hearing, the judge signed an order dismissing the petition to redeem on December 19, 1977. The following day, he signed a decree vesting the property in appellee, McMillan.

According to the docket entry, two months later, on February 7, 1978, Ms. Brooks filed a "Motion . . . to dismiss Decree signed 12/20/77" [3] and a show cause order was issued to appellee, who answered on February 15, 1978. On March 6, 1978, a motion was filed to place the case on the trial docket. Although there is no transcript of a hearing, the record indicates one was held on July 11, 1978; thereafter the court filed a Memorandum Opinion and Order "that Defendant's motion to strike the decree dated 12/20/77 is denied." Ms. Brooks has appealed.

She contends that the motion to dismiss the petition to redeem was improperly served because it was mailed to the address of the property which had been sold at the tax sale, and not to appellant's home address which was on the petition to redeem. She contends that this improper service constitutes "constructive fraud" and the decree should be set aside pursuant to Md. Rule 625 a. Rule 625 gives the trial court revisory power over a judgment for thirty days after its entry and after that period "in case of fraud, mistake or

---

**3.** While the motion recites that it is to strike the court's order to dismiss the petition to redeem, it included the following language:

"3. That the property owners are now ready and willing to complete the redemption of the property and urge this Court to reopen the proceedings for that purpose."

The February 7, 1978, docket entry for the motion reads: "Motion of Eileen Barbara Zell Brooks to dismiss *Decree* signed *12/20/77* . . . ." (emphasis added). The decree is dated December 20, 1977; the order to dismiss the petition to redeem is dated December 19, 1977. Both the appellee and the court treated it as a motion to strike the decree under Md. Rule 625 a. We will consider it as such for purposes of this appeal. To the extent appellee raised the question in his brief, we consider it waived.

irregularity." Appellee argues that pursuant to *Perryman v. Suburban Dev. Corp.,* 33 Md. App. 589 (1976), Md. Rule 625 a does not apply, but rather "yields inexorably to Art. 81." Art. 81, § 113 declares that tax sale foreclosure decrees shall not be reopened "except on the ground of lack of jurisdiction or fraud in the conduct of the proceedings to foreclose . . . ."

Appellee's reliance is misplaced because certiorari was granted in *Perryman* for the Court of Appeals to consider "the apparent conflict between Maryland Rule 625 a . . . and sections 112 and 113 of Article 81 . . . ." *Suburban Dev. Corp. v. Perryman,* 281 Md. 168, 169 (1977). Although the Court did not reach the question, it clearly indicated by footnote the direction it would have us follow:

> "In directing dismissal of this appeal we are not to be understood as either approving or disapproving the Court of Special Appeals' conclusion that the revisory powers granted a circuit court by Maryland Rule 625 does not extend to cases involving foreclosure of the right of redemption. However, should the question arise again its resolution should be considered in light of our ruling in Owen v. Freeman, 279 Md. 241, 367 A. 2d 1245 (1977), concerning Rule 625 as it relates to Dismissal Rule 528 L of the Supreme Bench of Baltimore City, which was decided subsequent to the ruling of the Court of Special Appeals in this case." *Id.*

In *Owen v. Freeman,* 279 Md. 241 (1977), the Court stated that, "[a]s is clear from the language of Rule 625 a, no judgment is specifically excluded from the operation of the rule, and our cases hold it applies to *all* final judgments." *Id.* at 245 (citations omitted). In light of *Owen,* it appears that Rule 625 a is applicable.

The argument "strains at a gnat," however; both Md. Rule 625 a and art. 81, § 113, allow for reopening a decree where there is fraud. Appellant contends that the improper service amounted to constructive fraud. In *Jannenga v. Johnson,* 243 Md. 1, 4-5 (1966), a similar contention was made and the Court

held that the presence of fraud, actual or constructive,[4] will justify the opening of a decree. *Accord, Arnold v. Carafides,* 282 Md. 375 (1978). "Fraud, as would justify reopening a final decree pursuant to section 113 of Article 81, need not be vicious and deliberate. Constructive fraud satisfies the requirement of the statute." 243 Md. at 5. We have no difficulty in holding that under the circumstances of this case the lack of compliance with the notice requirement of art. 81, § 106, Md. Rule 306 c 2, in failing to notify the appellant of the motion to dismiss her petition to redeem, effected a constructive fraud against her resulting in the loss of her property. *See Arnold v. Carafides,* 282 Md. 375. Not only was appellee personally aware of appellant's correct address through their exchange of correspondence, but also the record contains that address — and telephone number — clearly set forth twice on the petition to redeem that Ms. Brooks filed, and again on the unsigned order appended, constituting treble compliance with Md. Rule 301 f.

The court below held that the appellant's failure to pursue her petition to redeem "in a timely fashion" precluded her right to redeem " 'by paying to the collector the amount for redemption . . .'." art. 81, § 92. The chancellor overlooked the fact that the next move was his, not hers. Under § 94, the tax collector could not accept her payment until she presented a certified copy of the court order fixing the amount necessary to redeem. Ms. Brooks obviously could not present such an order until the sum was established and the order signed by the chancellor. Even absent the element of constructive fraud by failure to notify appellant of the motion to dismiss her petition to redeem, the court's dismissal of her petition based upon its own failure to act approaches a jurisdictional defect

---

4. In defining constructive fraud, the *Jannenga* Court noted that:

> "In *Whitehurst v. Barnett,* 161 Md. 444, 449, 157 Atl. 737 (1932), our predecessors said:
>
>> 'Constructive fraud, however, sometimes called 'legal fraud', is, nevertheless, fraud, although it rests more upon presumption and less upon furtive intent, than moral fraud.' "

*Id.* at 5.

sufficient to reopen the final decree pursuant to art. 81, § 113. The court was applying the doctrine of laches against appellant as a consequence of its own dilatoriness. Ms. Brooks had done all that she was required to do until her order was signed, the amount due set forth, and a payment deadline established.

Laches is an equitable doctrine, and its application depends upon the facts and circumstances of each case. Its purpose is to do justice, and it is never invoked unless it accomplishes that end. *Brashears v. Collison,* 207 Md. 339, 352 (1955). It was certainly neither appropriate nor just to dismiss Ms. Brooks' petition to redeem because the court had failed to act upon it.

> *Judgment reversed; order of December 19, 1977 and decree of December 20, 1977, vacated; case remanded for chancellor to consider the petition to redeem and order the amount necessary for redemption.*
>
> *Costs to be paid by appellee.*