456

555 A.2d 928

**Marvin J. APPLE, Appellant,**

**v.**

**Thelma GRACE, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 13, 1988.

Filed March 15, 1989.

Joel E. Hausman, Pittsburgh, for appellant.

Lynn MacBeth, Pittsburgh, for appellee.

Before BROSKY, DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

Marvin Apple, Appellant, filed a Complaint against Thelma Grace, Appellee, for unpaid rents due under a resi-

dential lease agreement. Apple also filed a Certificate of Service of the Complaint. When Apple received no responsive pleading from Grace, he entered a Default Judgment. Grace then presented a Petition to Open and/or Strike the Default Judgment. The trial court ordered the Default Judgment be stricken. We find that the trial court erred in striking the Default Judgment and reverse.

The trial court struck the Default Judgment because it found that Apple had not met the requirements of Pa. Rule of Civil Procedure 237.1 "Notice of Praecipe for Entry of Default Judgment." Rule 237.1 reads, in pertinent part:

(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe.

. . . . .

The trial court found that Apple did furnish certification that such notice was given, along with a copy of the notice itself. However, the court found that the certification was insufficient because it did not set forth when or how the notice was furnished. Apple's certification read: "I certify that Notice of the entry of this judgment was given pursuant to Pa.R.C.P. 237.1. A copy of said Notice is Attached." (It should be noted that the form of the notice used by Apple was in compliance with Rule 237.1 and is not at issue here.)

Apple appeals from the trial court's order and argues that the certification was sufficient. We agree. We can find no basis in the caselaw for the strict requirements demanded by the trial court. The explanatory note to Rule 237.1 reads:

Method of Notice

The notice of intention to enter default judgment may be mailed or delivered. Registered or certified mail is not required.

. . . . .

458

There is no requirement to set forth when or how the notice was furnished. Rule 237.1 "requires only that the notice be mailed or delivered to the party against whom judgment is to be entered. The explanatory note expressly states that simply mailing the notice constitutes compliance with the rule. Notice by certified mail is unnecessary." *Central Penn Nat. Bank v. Williams*, 362 Pa.Super. 229, 234, 523 A.2d 1166 (1987). In *Central Penn Nat. Bank v. Williams*, this court found that Rule 237.1 does not require that the defaulting party receive actual notice of the intention to file the Praecipe for Entry of Default Judgment.

The stringent requirements which the trial court demands from Apple come not from cases involving Praecipes for Entry of Default Judgments, but from cases involving the service of a Summons or a Complaint. *Neff v. Tribune Printing Company*, 421 Pa. 122, 218 A.2d 756 (1966); *Sharp v. Valley Forge Medical Center*, 422 Pa. 124, 221 A.2d 185 (1966). The trial court's reliance on these cases is in error.

Order of the trial court reversed. Case remanded for disposition of the Rule to show cause why judgment should not be opened. Jurisdiction relinquished.