568 A.2d 665

Jeffrey PERKINS and Sandra Perkins, Appellees,

v.

TSG, INC. d/b/a Combeau Industries, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 25, 1989.

Filed Jan. 12, 1990.

Steven A. Schwartz, Philadelphia, for appellant.

Kenneth D. Ross, Philadelphia, for appellees.

Before MONTEMURO, POPOVICH and CERCONE, JJ.

POPOVICH, Judge:

On April 6, 1987, appellees, Jeffrey and Sandra Perkins, filed a praecipe to enforce a Maryland default judgment in Pennsylvania. In an effort to resist the *ex parte* default judgment entered in Maryland, appellant filed a petition to strike the judgment. The court below on June 23, 1988, denied appellant's petition stating, "[appellants] failed to sustain their burden before this court that the judgment of the District Court of Maryland was entered without jurisdiction to do so and that its proceedings were irregular and in derogation of [appellants'] due process rights." Upon review of the facts, we find that the actions of appellees' counsel amounted to constructive fraud, if not actual fraud, and, therefore, the Maryland judgment is not entitled to full faith and credit. Accordingly, we reverse.

The Maryland cause of action arose out of the purchase of wallpaper manufactured by appellant, Combeau, a wholly-owned subsidiary of TSG, Inc., and distributed in Maryland by Accent Wallcoverings, an independent dealer. Apparently, several years after purchasing the wallpaper, the Perkins became dissatisfied with the product, and, on July 29, 1985, Jordan M. Spivok, Esquire, a Maryland attorney, wrote appellant advising of the Perkins' complaints. The correspondence was addressed to Paul R. Kent, then the

vice-president of TSG, Inc., at Combeau's address of 1400 Welsh Road, North Wales, Pennsylvania.

By letter dated August 8, 1985, Barry Spiegel, Esquire, an associate of the Philadelphia firm of Schnader, Harrison, Segal & Lewis, responded by stating his firm represented Combeau and denied liability. Further correspondence (dated September 5, 1985, and October 7, 1985) between Spiegel and Spivok occurred regarding the wallpaper dispute. Spiegel informed Spivok that, although Combeau did not believe it was responsible for any problems with the wallpaper, a representative of Combeau would be willing to meet with the Perkins. No further correspondence between the parties occurred until Attorney Spivok, by letter dated September 26, 1986, informed Attorney Spiegel that a default judgment had been entered against Combeau on August 26, 1986, in a Maryland District Court.

In Maryland, as in Pennsylvania, a party seeking to commence a civil action against a corporation is required to follow certain procedures reasonably calculated to provide notice of the commencement of that lawsuit. See generally, *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Corporations are served pursuant to Rule 3–124(c) of the Maryland Rules of Civil Procedure:

(c) Corporation.—Service is made upon a corporation, association, or joint stock company by serving its resident agent, president, secretary, or treasurer. If the corporation, association, or joint stock company has no resident agent or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process. If a corporation required by statute of this State to have a resident agent has no resident agent or if two good faith attempts on separate days to serve the resident agent have failed, service may be made by serving two copies of the summons, complaint, and all

other papers filed with it, together with the requisite fee, upon the State Department of Assessments and Taxation.

██ Contrary to the finding of the trial court, we are convinced that appellees, through their counsel, Attorney Spivok, failed to make a good faith effort to serve any person expressly or impliedly authorized to receive service of process. Thus, appellees' Maryland judgment was rendered without jurisdiction over appellant, and, therefore, the judgment is not entitled to full faith and credit in Pennsylvania. *See, e.g., Barnes v. Buck*, 464 Pa. 357, 364, 346 A.2d 778, 782 (1975).

A review of the facts reveals that Attorney Spivok acted in a manner clearly designed to prevent appellants from receiving notice of the Maryland lawsuit. As evidenced by the letters sent by Attorney Spivok to the vice-president of TSG and, later, to appellant's counsel, it is beyond dispute that Attorney Spivok *actually* knew appellant's true address and that of appellant's counsel. However, when instituting the civil suit in Maryland, appellees, though their counsel, attempted to serve appellant at Two Bala Plaza, Bala Cynwyd, Pennsylvania.[1] The complaint was returned as *"non est* [inventus]*"* ("he is not found"). Attorney Spivok then made a second attempt to serve Combeau at the out-of-date Bala Cynwyd address, even though he, in fact, knew the current address of appellant. Not surprisingly, the second attempt was also unsuccessful. Consequently, Attorney Spivok served the complaint upon the Maryland Department of Assessments and Taxation, and, eventually, a default judgment was entered against appellant. Thirty days after entry of default judgment, Attorney Spivok, suddenly able to remember opposing counsel's address, mailed notice of the default judgment to Attorney Spiegel and suggested that his clients would accept $3000.00 in

---

1. Appellant's office was moved to their New Wales address approximately two years before the attempted service at the Bala Cynwyd address. Appellees obtained the Bala Cynwyd address from the warranty sheet which had been included with the wallpaper when it was first purchased several years earlier.

complete satisfaction of the $3760.00 judgement plus $23.00 court costs.[2]

Upon review of the record, we are convinced that the trial court erred when it determined that appellees' judgment was entitled to full faith and credit. Clearly, Attorney Spivok manipulated the Maryland Rules of Civil Procedure in order the obtain the *ex parte* default judgment. He persisted in attempting to serve the appellant in a location which, at least after the first unsuccessful attempt at service in Bala Cynwyd, he knew was not the true address of appellant. Then, rather than serve appellant at its correct address (which he possessed), appellees, through Attorney Spivok, continued service in a manner which in no way was reasonably calculated to provide appellant with notice of the suit. *Barnes v. Buck, supra; Everson v. Everson,* 264 Pa.Super. 563, 570, 573, 400 A.2d 887, 891, 892 (1980). Therefore, appellant's due process rights were violated, *Hanson v. Denckla, supra,* and the judgment is not entitled to full faith and credit. *See, Noetzel v. Glascow, Inc.,* 338 Pa.Super. 458, 469, 487 A.2d 1372, 1377 (1985), cert. denied 475 U.S. 1109, 106 S.Ct. 1517, 89 L.Ed.2d 915 (1986) (notice must "be reasonably calculated to inform interested parties of the pending action . . ."). However, we note that, herein, we do not hold that a defendant must receive actual notice to satisfy due process requirements. Maryland's authority to allow a plaintiff to effectuate notice through substitute service is in no way emasculated. Rather, we simply reiterate that a plaintiff must first make a "good faith" effort to notify defendant before resorting to substitute service. See *Brooks v. McMillan,* 42 Md.App. 270, 400 A.2d 436 (1979) (constructive fraud where tax sale purchaser of property forwarded a pleading to street address of property, rather than landowner's home address which the purchaser knew because of a previous exchange of correspondence); *Jannenga v. Jannenga,* 243 Md. 1, 220 A.2d 89 (1966) (failure to make a good faith effort to give

---

**2.** We note that Maryland Rule 3–535(a) allows Maryland courts to revise their judgments within 30 days after entry. This may account for the timing of Attorney Spivok's letter to Attorney Spiegel.

308

notice amounts to constructive fraud); *Romeo v. Looks*, 369 Pa.Super. 608, 617, 535 A.2d 1101, 1106 (1987), allocatur denied 518 Pa. 641, 542 A.2d 1370 (1989). Instantly, appellees made no such attempt.

Order reversed. Judgment stricken.