J-A26023-24

2025 PA Super 23

| | | |
|---|---|---|
| 1650 EAST 47TH LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| 360 DEGREES OF PERFECTION, HOAG INC., STEVEN HOAG, INDIVIDUALLY, SUSAN HOAG, INDIVIDUALLY, RICHARD E. HOAG, SR., INDIVIDUALLY, AND PNC BANK, GARNISHEE | : | No. 280 WDA 2024 |
| | : | |
| APPEAL OF: RICHARD E. HOAG, SR. | : | |

Appeal from the Order Entered February 1, 2024
In the Court of Common Pleas of Erie County Civil Division at No(s):  No. 10462-23

BEFORE:  BOWES, J., BECK, J., and BENDER, P.J.E.

OPINION BY BECK, J.:                    **FILED: January 28, 2025**

Richard Hoag, Sr. ("Hoag") appeals from the order entered by the Erie County Court of Common Pleas ("trial court") denying his petition to strike a foreign judgment.  Hoag argues that the trial court should have struck the judgment because he was not provided notice of the underlying judgment, which constituted a fatal defect and rendered the judgment void.  Upon review, we reverse and remand.

This appeal arises from extensive litigation between 1650 East 47th Street LLC ("1650 East"), and Hoag in his capacity as an officer of 360 Degrees

of Perfection LLC ("360 Degrees") and Hoag Inc., LLC.[1]  In September 2020, 1650 East initiated a lawsuit against 360 Degrees in the District Court for the County of Jefferson in Colorado ("the Colorado court"), resulting from a commercial landlord-tenant dispute between the two parties.  1650 East also named Hoag, Inc. and Hoag, Steven, and Susan in their individual capacities as officers of 360 Degrees as additional defendants.

On October 9, 2020, all the involved parties entered a stipulation in the Colorado court, resolving all claims between them.  Pursuant to the stipulation, the defendants would tender payments to 1650 East on identified dates to resolve the outstanding claims and attorneys' fees.  The stipulation also stated that "[t]he Plaintiff may amend the judgment from time to time to reflect additional amounts as they accrue."  Stipulation, 10/9/2020, at 3 (unnumbered).  1650 East filed a motion for the entry of judgment pursuant to the stipulation on October 20, 2020.  The Colorado court entered judgment against the defendants on November 12, 2021, in the amount of $10,074.84.  Subsequently, on November 22, 2021, the defendants filed a motion to set aside judgment in the Colorado court, arguing, inter alia, that they were not provided proper notice of any hearings that occurred for violating the terms

_____

[1] Hoag's brother, Steven Hoag ("Steven"), and sister-in-law, Susan Hoag ("Susan"), were also defendants in this litigation as officers of 360 Degrees. However, Hoag is the only defendant involved in this appeal.

of the stipulation[2] or the amount owed pursuant to the stipulation. The Colorado court denied that motion on December 28, 2021.

On September 29, 2022, 1650 East filed a motion to amend the judgment from $10,074.84 to $133,206.83, seeking additional rents, utilities, late fees, commissions, and attorneys' fees. Relevant herein, in the certificate of service attached to the motion, 1650 East indicated only that it served the motion on 360 Degrees at "6105 W. 55th Avenue, Suite C1 Arvada, CO 80002." The certificate does not indicate that service was made on any other parties or addresses. The Colorado court granted that motion on October 24, 2022, and entered judgment in favor of 1650 East in the amount of $133,206.83 against the defendants, including Hoag.

On February 28, 2023, 1650 East filed a praecipe to transfer the amended judgment from the Colorado court to the trial court for the purpose of execution of that judgment against the defendants. 1650 East attached an affidavit to the praecipe, noting Hoag's correct personal address in Erie. 1650 East then filed an amended praecipe to transfer foreign judgment on March 2, 2023, specifying that the transfer of judgment was only as to Hoag, not the remaining defendants. The trial court entered judgment against Hoag on March 2, 2023. 1650 East then filed a praecipe for writ of execution on Hoag's personal property.

---

[2] The docket does not reflect that there were any hearings or claimed violations of the stipulation prior to the November 2022 motion.

A sheriff's sale was subsequently scheduled for October 10, 2023, at Hoag's personal address in Erie. On the date of the sheriff's sale, Hoag filed a petition to strike the foreign judgment for want of due process. 1650 East filed an answer to the petition to strike and supportive brief, arguing, in relevant part, that any issues related to service were already litigated in the Colorado court. 1650 East additionally pointed to Hoag's receipt of the original motion for entry of judgment pursuant to the stipulation in October 2020, which effectively ended litigation and the opportunity to address the defendants' concerns related to service. Alternatively, 1650 East asserted that Hoag received notice of the motion to amend judgment in September 2022, as the motion was sent to the Colorado address used by 360 Degrees, and also received the order granting the amendment at his Erie address, purportedly concluding that this cured any due process concern. Lastly, 1650 East raised jurisdictional arguments based on Hoag's failure to take any legal action in Colorado to challenge the amended judgment and his failure to timely file his petition to strike in Pennsylvania, which was filed seven months after he received notice of the amended praecipe to transfer foreign judgment.

The trial court granted a stay pending resolution of the petition to strike and held a hearing on December 7, 2023. At that hearing, Hoag argued that 1650 East's amended judgment was obtained in a manner that violated his right to procedural due process, which constituted a fatal defect. Hoag testified that he was never provided notice of 1650 East's motion to amend

judgment, noting that the motion to amend judgment filed on September 29, 2022, was addressed only to "360 Degrees of Perfection, LLC, at 6105 W. 55th Avenue, Suite C1, Arvada, CO, 80002," an address that, according to Hoag, had been expired for approximately eight months. He acknowledged that he received the order granting the amended judgment at his personal address in Erie, Pennsylvania, but argued that the order had already been granted, thereby depriving him of a reasonable opportunity to respond to the motion.

Susan testified regarding her communication by email with an officer of 1650 East on April 8, 2022, where she provided 360 Degrees' updated address of 6340 West 56th Avenue, Unit 1, Arvada, CO 80002. She testified that several months prior to filing the motion to amend the judgment, 1650 East had towed three of 360 Degrees' vehicles from its expired address to its new address, demonstrating that 1650 East knew of 360 Degrees' new address, but nonetheless mailed the September 2022 motion to amend judgment to the expired address.

The trial court denied Hoag's petition to strike the foreign judgment. Hoag filed a timely notice of appeal and a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Hoag raises the following issue for our review:

I.     Whether the trial court erred in denying [Hoag]'s petition to strike the Colorado judgement [sic] for want to due process of law[?]

    a. Whether the notice given by [1650 East], precedent to obtaining an amendment which modified the judgment from $10,074.84 to $133,206.83, was reasonably calculated to

place the appellant on notice to the extent that he could prepare an adequate defense[?]

b. Whether the manner in which appellee obtained the judgment constitutes a fatal defect on the record to the extent considerations of timeliness are irrelevant[?]

Hoag's Brief at 7.

We begin by observing the following:

An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure. Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is de novo and our scope of review is plenary.

A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void ab initio. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a default judgment, a court may only look at what was in the record when the judgment was entered.

A judgment is void on its face if one or more of three jurisdictional elements is found absent: jurisdiction of the parties; subject matter jurisdiction; or the power or authority to render the particular judgment. … Moreover, it is never too late to attack a judgment or decree for want of jurisdiction, as any such judgment or decree rendered by a court which lacks jurisdiction of the subject matter or the person is null and void, and can be attacked by the parties at any time. A petition to strike a judgment founded on a jurisdictional deficiency is therefore not subject to the same timeliness considerations as a petition to open the judgment.

***Digital Commc'ns Warehouse, Inc. v. Allen Invs., LLC***, 223 A.3d 278, 284-85 (Pa. Super. 2019) (citations, quotation marks, and brackets omitted); ***see also Grady v. Nelson***, 286 A.3d 259, 264 (Pa. Super. 2022) (stating that "[w]here a fatal defect or irregularity is apparent from the face of the record, the prothonotary will be held to have lacked the authority to enter [a] default judgment and the default judgment will be considered void") (citation omitted).

Under the United States Constitution, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1; ***see also*** 28 U.S.C. § 1738 (judgments "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken"). "[T]he Full Faith and Credit Act mandates that all courts … treat a state court judgment with the same respect that it would receive in the courts of the rendering state." ***Standard Chartered Bank v. Ahmad Hamad Al Gosaibi & Bros. Co.***, 99 A.3d 936, 941 (Pa. Super. 2014) (citation and quotation marks omitted). "[J]udgments entered in sister states are entitled to full faith and credit in Pennsylvania so long as there was jurisdiction by the court which originally awarded the judgment, and the defendant had an opportunity to appear and defend." ***Id.*** at 942 (citation omitted); ***see also*** 42 Pa.C.S. § 4306(b), (f).

"The courts in Pennsylvania will refuse to give full faith and credit to a foreign judgment if it was obtained in derogation of a basic, due process right of the defendant." **Standard Chartered Bank**, 99 A.3d at 942 (citation omitted); **see also Joshi v. Nair**, 614 A.2d 722, 732 (Pa. Super. 1992) ("only those defenses, such as a lack of subject matter jurisdiction, a lack of jurisdiction over the parties, a violation of appellant's due process rights, or a lack of a meaningful opportunity to appear and defend, can be considered as a basis for denying a foreign judgment full faith and credit"). "The party challenging the validity of the judgment, therefore, bears the burden of showing any irregularity in the proceedings." **Standard Chartered Bank**, 99 A.3d at 942 (citation omitted).

The trial court denied Hoag's petition to strike on the basis that the issue of improper service had already been litigated and decided in the Colorado court, as addressed in the Colorado court's order denying the defendants' motion to set aside judgment issued in November 2021. Trial Court Opinion, 2/1/2024, at 6 (unnumbered). More specifically, the trial court states that the "Colorado court reviewed the matter of service and found that the [d]efendants failed to meet their burden for the relief requested, as any contention of lack of proper notice or service was rendered moot by the terms

of the [s]tipulation," and it therefore would not relitigate the claim.[3] *Id.* The trial court acknowledged that service of the motion to amend judgment was made to an expired address, but noted that the address was the same one listed on Susan's most recent filing with the Colorado court. *Id.* It further acknowledged Susan's email exchange in April 2022, informing an officer of 1650 East of 360 Degrees' change of address, but held that such an exchange did not meet the implied requirements of Pa.R.Civ.P. 1025 ("Endorsement") or C.R.C.P. 11 ("Signing of Pleadings") to inform the Colorado court of any address change. *Id.* The trial court also observed that Hoag and the other defendants took no action to challenge the amended judgment in Colorado, and that Hoag took no action to contest the foreign judgment until filing the petition to strike on October 10, 2023, despite receiving notice of the transfer of foreign judgment at his home in Erie on March 7, 2023. *Id.* at 6-7. Thus, the court held that Hoag's petition to strike was untimely and he did not produce any evidence demonstrating compelling reasons for its untimeliness.

_____

[3] The parties cite to this order and note that it was attached as an exhibit to other pleadings; however, our review of the certified record reveals that the decision has not been included therein. Nevertheless, the parties do not dispute the trial court's finding that the Colorado court determined the defendants had not met their burden of proof on the service claim because they had effectively ended the case by entering the stipulation with 1650 East. *See* Trial Court Opinion, 2/1/2024, at 6 (unnumbered). Based upon the manner we decide this appeal, the exclusion of this order does not hamper our review.

*Id.* at 7. Without explanation or discussion, the trial court concluded that there was "no lack of due process." *Id.*

In his brief before this Court, Hoag argues that the trial court "fail[ed] to identify the determinative issue in the case" by not assessing whether Hoag received proper notice of 1650 East's request to amend the judgment in the Colorado court. Hoag's Brief at 19. He asserts that the evidentiary record is "drenched with facts that tend to show an apparent attempt to obtain a judgment without the knowledge of any of the defendants in the Colorado case," and that the amended judgment therefore is not entitled to full faith and credit in Pennsylvania. *Id.* at 20, 24.

Hoag further argues the trial court's holding that the issues he raises here have already been litigated in the Colorado court is "a clear error of law." *Id.* at 32. He asserts that this appeal is focused on whether a Pennsylvania court can give full faith and credit to this Colorado judgment, and that "[a]ny previous decision by a Colorado Court that addressed the matter of improper service is both immaterial and irrelevant to [Hoag]'s Petition." *Id.*

Lastly, Hoag contends that the trial court committed an error of law by finding his petition to strike was untimely. *Id.* at 27. He argues that a petition to strike must be granted where "a fatal defect appears on the face of the record," regardless of any timeliness considerations. *Id.* at 27-28. Hoag asserts that the lack of due process in 1650 East's efforts to obtain the

amended judgment constitutes a fatal defect on the face of the record and therefore renders the timeliness issue irrelevant. *Id.* at 27-29.[4]

In Colorado, as in Pennsylvania, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re C.L.S.*, 252 P.3d 556, 559 (Colo. App. 2011) (citation omitted). In addressing this issue, we look to Colorado Rule of Civil Procedure 5, which provides the requirements for service. That rule states, in relevant part:

> **(a) Service: When Required.** Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.
>
> **(b) Making Service:**

---

[4] We note the responsive brief filed by 360 Degrees does not present any argument, and instead merely references, by incorporation, documents filed in the trial court and the trial court's opinion. *See Franciscus v. Sevdik*, 135 A.3d 1092, 1097 (Pa. Super. 2016) (courts do not permit parties to incorporate by reference arguments "as a substitute for the proper presentation of arguments in the body of the appellate brief") (citation omitted).

- 11 -

(1)     Service under C.R.C.P. 5(a) on a party represented by an attorney is made upon the attorney unless the court orders personal service upon the party.  A resident attorney, on whom pleadings and other papers may be served, shall be associated as attorney of record with any out-of-state attorney practicing in any courts of this state.

(2)     Service under C.R.C.P. 5(a) is made by:

(A) Delivering a copy to the person served by:

(i) handing it to the person;

(ii) leaving it at the person's office with a clerk or other person in charge, or if no one is in charge, leaving it in a conspicuous place in the office; or

(iii) if the person has no office or the office is closed, leaving it at the person's dwelling house or usual place of abode with someone 18 years of age or older residing there;

(B) Mailing a copy to the last known address of the person served. Service by mail is complete on mailing;

(C) If the person served has no known address, leaving a copy with the clerk of the court; or

(D) Delivering a copy by any other means, including E-Service, other electronic means or a designated overnight courier, consented to in writing by the person served.  Designation of a facsimile phone number or an email address in the filing effects consent in writing for such delivery.  Parties who have subscribed to E-Filing, pursuant to C.R.C.P. 121 Section 1-26 § 1.(d), have agreed to receive E-Service.  Service by other electronic means is complete on transmission; service by other consented means is complete when the person making service delivers the copy to the agency designated to make delivery.  Service by other electronic means or overnight courier under C.R.C.P. 5(b)(2)(D) is not effective if the party making service learns that the attempted service did not reach the person to be served.

*     *     *

> **(d) Filing Certificate of Service.** All papers after the initial pleading required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service, but disclosures under Rule C.R.C.P. 26(a)(1) or (2) and the following discovery requests and responses shall not be filed until they are used in the proceeding or the court orders otherwise: (i) depositions, (ii) interrogatories, (iii) requests for documents or to permit entry upon land, and (iv) requests for admission.

C.R.C.P. 5(a), (b), (d).

As the above clearly states, Rule 5 requires that every "written motion" and "offer of judgment" "shall be served upon **each of the parties**." C.R.C.P. 5(a) (emphasis added). Further, the rule explicitly provides the only circumstances where notice is not required: (1) orders not required by their terms or the trial court's finding to be served; (2) ex parte motions; and (3) any pleadings, motions, notices or other papers when the opposing party is in default for failure to appear and no new or additional claim for relief is asserted.

Here, 360 Degrees and the defendants, including Hoag, entered into a stipulation wherein the defendants agreed to pay 1650 East outstanding money owed. Pertinently, the stipulation allowed for 1650 East to the parties to "amend the judgment from time to time to reflect additional amounts as they accrue." Stipulation, 10/9/2020, at 3 (unnumbered). On November 12, 2021, the Colorado court entered judgment in favor of 1650 East in the amount of $10,074.84 plus attorneys' fees and costs. On September 29, 2022, 1650 East filed a motion to amend the judgment against 360 Degrees,

Hoag, Steve, Susan, and Hoag, Inc. in the amount of $133,206.83. The certificate of service appended to the motion to amend the judgment reflects it was served only on 360 Degrees at "6105 W. 55th Avenue, Suite C1 Arvada, CO 80002." Motion to Amend Judgment, at 3 (unnumbered). Subsequently, the trial court entered an order granting the motion to amend, and this order was served on Hoag at his Erie address. *See* Order, 10/24/2022.

Under Rule 5(a), 1650 East was required to serve and provide notice of the motion to amend the judgment on each of the defendants. In its written motion to amend the judgment, 1650 East sought to amend the judgment against five separate defendants, including Hoag, but the certificate of service reflects that it only served 360 Degrees despite having addresses for each of the defendants available to it.[5] *See, e.g.,* Colorado Court Docket, at 1 (identifying the addresses of all the defendants in the case).[6]

Further, the record reflects that none of the exceptions listed in Rule 5 are implicated here. The stipulation did not allow for the filing of an ex parte

---

[5] The parties dispute whether 1650 East properly served 360 Degrees, as its address had changed. We need not make this determination, however, because Rule 5(a) clearly states that each of the defendants were required to be served and provided notice, and it is uncontested that 1650 East did not serve the motion to amend on Hoag.

[6] Although Hoag received the order granting the motion to amend, nothing in Rule 5 permits a finding that this cures the defective service of the motion.

motion without service, and the trial court did not make such a finding.[7] **See** C.R.C.P. 5(a); **see also Schaden v. DIA Brewing Co., LLC**, 478 P.3d 1264, 1271 (Colo. 2021) (noting a plaintiff seeking relief from judgment must obtain leave to amend from the court or consent to amend from the defendant). Additionally, neither party contends that Hoag was in default for failing to appear or that e-service was utilized in this case. **See** C.R.C.P. 5(a), (b)(2)(D). Therefore, 1650 East violated Hoag's due process rights by not making a good faith effort to serve the motion to amend the judgment upon him individually. **See Perkins v. TSG, Inc.**, 568 A.2d 665, 666 (Pa. Super. 1990) (noting that counsel, who had appellant's correct address, continually attempted to serve appellant at an incorrect address to prevent appellant from having notice of the suit, violating his due process rights).

We further reject the trial court's reliance on the Colorado court's decision denying the motion to set aside the entry of the original judgment, and its finding that any contention regarding a lack of notice or service was rendered moot by the terms of the stipulation. **See** Trial Court Opinion, 2/1/2024, at 6 (unnumbered). In effect, both 1650 East and the trial court imply that the Colorado court's decision denying the defendants' motion to set aside the initial judgment had a preclusive effect on Hoag raising a claim for

---

[7] Nor can 1650 East make a credible argument that it believed it could file the motion to amend the judgment ex parte; it clearly believed it had to provide notice, as it made some effort to effectuate service of the motion upon 360 Degrees.

lack of notice or service in the instant case. However, as stated above, the trial court found (and neither party disagrees) that the December 28, 2021 Colorado court order on the question of notice was based upon the fact that the initial judgment was entered pursuant to the terms of the stipulation, which were clearly known to the parties, rendering any questions as to service moot. *Id.* Although the stipulation allows 1650 East to amend the judgment, nothing in the stipulation dispenses with the requirement that the defendants be notified of its intent to amend. Nor is there any indication therein that the parties were aware that the judgment would be amended to more than ten times the original amount.

In the motion to amend the judgment, 1650 East sought additional rents, utilities, late fees, and commissions, as well as additional attorneys' fees, in the amount of $133,206.83, all of which were allegedly incurred after the entry of the stipulation. Thus, by its very nature and title, the motion to amend the judgment was separate and distinct from the stipulation and would require notice to all the parties.[8] *See* C.R.C.P. 5(a). Therefore, the Colorado

---

[8] In its motion to amend the judgment, 1650 East argued that it was authorized to amend the judgment under C.R.C.P. 59(c). Rule 59(c) states the following:

> **(c) On Initiative of Court.** Within the time allowed the parties and upon any ground available to a party, the court on its own initiative, may:
>
> (1) Order a new trial of all or part of the issues;

*(Footnote Continued Next Page)*

- 16 -

J-A26023-24

court's decision related to service of the request for entry of the initial judgment does not preclude Hoag's challenge to the failure of 1650 East to provide notice of its motion for amended judgment.

Finally, we address the timeliness of Hoag's petition to strike.

> The effect of timeliness on petitions to strike default judgment depends entirely upon the validity of the underlying judgment: If the judgment was found to be void[,] ... timeliness would not be a factor and the petition to strike would be granted. If the judgment was found to be voidable, timeliness would be a factor and the petition would be granted only if it was filed within a reasonable time. Finally, if the judgment was found to be valid and fully effective, the petition to strike would be denied and timeliness would not be a factor…. There is a clear distinction between judgments which are simply voidable based upon mere irregularities and those which are void ab initio. The general rule is that if a judgment is sought to be stricken for an irregularity, not jurisdictional in nature, which merely renders the judgment voidable, the application to strike off must be made within a reasonable time. Conversely, judgments which are void ab initio are those which the prothonotary was without authority to enter in the first place. Such judgments are not voidable, but are legal nullities…. [Where] the default judgment is void ab initio[,] such a judgment must be stricken without regard to the passage of time.

---

(2) Order judgment notwithstanding the verdict;
(3) Order an amendment of its findings; or
(4) Order an amendment of its judgment. The court's order shall specify the grounds for such action.

C.R.C.P. 59(c). It is unclear how Rule 59(c) is applicable in this case, as the trial court did not act in its own initiative. 1650 East filed a motion and the trial court's grant of this motion captioned its order as "Order Re: Motion to Amend Judgment." Accordingly, Rule 59(c) is inapplicable. **See Callaham v. Slavsky**, 385 P.2d 674, 676 (Co. 1963) (noting that the trial court did not act on its own initiative in granting a new trial where it was acting in response to a motion filed by a party).

*Oswald v. WB Pub. Square Assocs., LLC*, 80 A.3d 790, 797 (Pa. Super. 2013) (citations, quotation marks, and paragraph break omitted). The law in Pennsylvania is clear that a party's failure to conform to service requirements under our Rules of Civil Procedure constitutes a fatal defect that renders a judgment void. *Cintas Corp. v. Lee's Cleaning Services, Inc.*, 700 A.2d 915, 917-18 (Pa. 1997).

Here, we have found the amended judgment in Colorado is void ab initio, based upon 1650 East's failure to provide service to Hoag. Therefore, the trial court should have struck the judgment without regard to the passage of time between the entry of the judgment and the filing of the petition to strike. *See Oswald*, 80 A.3d at 793, 797 (noting that the timeliness of a petition to strike, filed nineteen months after the entry of default judgment, was not relevant because the notice on the judgment was defective under Pa.R.Civ.P. 237.1 and Pa.R.Civ.P. 237.5 and therefore void). Accordingly, the trial court erred in denying the petition to strike based upon timeliness considerations.

Based on the foregoing, we reverse the trial court's order and direct it to grant Hoag's petition to strike the foreign judgment. *See Perkins*, 568 A.2d at 666 (finding a due process violation and concluding that the foreign judgment therefore was not entitled to full faith and credit).

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 01/28/2025