J-S12028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CAROVA ACQUISITIONS, LP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SUSAN B. SAMUEL | : | |
| | : | |
| Appellant | : | No. 1078 EDA 2024 |

Appeal from the Order Entered January 22, 2024
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2022-C-2571

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED JUNE 26, 2025**

Susan B. Samuel appeals from the order denying her motion to strike a stipulated judgment. Samuel argues she never authorized her attorney to accept the settlement. We affirm.

Carova Acquisitions, LP ("Carova") filed a complaint in 2022, alleging Samuel breached both a residential lease agreement and a purchase agreement. Carova sought to evict Samuel from the subject property. The case went to arbitration. The arbitration panel found for Carova, awarding it possession of the premises and $1,500. Samuel appealed and requested a jury trial. Carova filed a motion for summary judgment.

The court scheduled both a hearing on the summary judgment motion and a trial on the merits for the same day: October 10, 2023. On that day, the parties' attorneys executed a Stipulation of Counsel, which the court approved and adopted as an order of court on the following day, October 11,

2023. The Stipulation stated that Samuel would vacate the residence within 30 days, and Carova would hold $1,000 of Samuel's rent in escrow. Once Samuel vacated the premises, Carova would return the $1,000 to Samuel, and file a praecipe to mark the case settled, discontinued, and ended.

However, the Stipulation also provided that the parties would execute a second stipulation, a Stipulation and Order for Judgment, that provided for a money judgment in Carova's favor and against Samuel for $28,000. It also declared that Carova was the rightful owner of the parcel and directed the sheriff to eject Samuel from the property upon Carova's filing a writ of possession. Carova's attorney would hold the executed Stipulation and Order for Judgment and file it with the court if Samuel failed to vacate the property within 30 days. The parties accordingly executed the second stipulation, and Carova's counsel held it. Both stipulations were signed by the parties' attorneys, and not by the parties themselves.

Samuel did not vacate the property within 30 days. On November 15, 2023, Carova filed the Stipulation and Order for Judgment. The court approved and adopted it the next day, on November 16, 2023. Carova filed a praecipe for judgment that same day.

Four days later, on November 20, 2023, Samuel filed a Petition to Strike Judgment. At a hearing, Samuel asked to present evidence that her attorney had not been authorized to enter the stipulations. The court denied Samuel's request to present testimony, restricting its review to the facts on the face of the record when the judgment was entered. The court denied the petition to

- 2 -

strike, finding Samuel had not demonstrated that the stipulated judgment was facially defective.[1]

Samuel filed a notice of appeal.[2] She raises one issue:

Whether the lower court abused its discretion in denying [the] motion to strike judgment, because [the] order of stipulated settlement on the record entered by the parties, signed by counsel, was a fatal defect, where there was a miscommunication between counsel and [Samuel], who claimed that she never authorized the undersigned counsel to enter [the] order for stipulated judgment?

Samuel's Br. at 3.

Samuel argues the court erred in denying her motion to strike because she never authorized her attorney to accept Carova's settlement offer, and her attorney's signature on the stipulated judgment is a defect on the face of the record. Samuel states that "immediately" after counsel signed the first stipulation on her behalf, she informed him of his error. *Id.* at 7. She alleges that her attorney alerted Carova's attorney of the mistake, and the parties continued settlement negotiations. Carova's attorney filed the Stipulation for Judgment, allegedly despite his knowledge that Samuel had not consented to the stipulations, and allegedly despite his having led Samuel to believe the Stipulation for Judgment would not be filed. Samuel argues, "While it is true a motion to strike is limited to the record before the court, certainly the

_____

[1] The court also found that Samuel had failed to verify her extra-record averments in the petition to strike pursuant to Pa.R.Civ.P. 206.3.

[2] Samuel appealed to the Commonwealth Court of Pennsylvania, which transferred the case to this Court.

- 3 -

Defense has the right to present evidence establishing that the undersigned counsel's signing of the stipulated judgment was a fatal defect, which warranted that the judgment be stricken." *Id.* at 8-9.

"A petition to strike a judgment is a common law proceeding that operates as a demurrer to the record." *Keller v. Mey*, 67 A.3d 1, 4 (Pa.Super. 2013) (citation omitted). Such a petition is properly granted when a fatal defect appears on the face of the record. *See 1650 E. 47th LLC v. 360 Degrees of Perfection*, 331 A.3d 63, 68 (Pa.Super. 2025); *Oswald v. WB Pub. Square Assocs., LLC*, 80 A.3d 790, 793 (Pa.Super. 2013). A court entertaining a petition to strike a judgment "may only look at what was in the record when the judgment was entered." *1650 E. 47th LLC*, 331 A.3d at 68 (citation omitted). Our standard of review of the denial of a petition to strike a judgment is limited to whether the trial court manifestly abused its discretion or committed an error of law. *Vogt v. Liberty Mut. Fire Ins. Co.*, 900 A.2d 912, 915 (Pa.Super. 2006).

We affirm. Samuel's allegations involve information that is outside the record. The record at the time the judgment was entered did not show on its face that Samuel's attorney acted without her consent in accepting the settlement offer or in executing the stipulations. *See, e.g., Bittenbender v. Se. Pa. Transp. Auth.*, 523 A.2d 1173, 1176 (Pa.Super. 1987) (affirming

denial of petition to strike judgment where there were no fatal defects on the face of the record at the time judgment was entered).[3]

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/26/2025

---

[3] Samuel does not argue that the court should have treated her petition more broadly as a petition to open the judgment or as some other motion or petition that would have afforded her relief.