J-A20029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MATTHEW B. WEISBERG, WEISBERG LAW, PC, WEISBERG LAW, GRAHAM F. BAIRD | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| JOHN W. SIBLEY, AND LAW OFFICES OF RICHARD J. PULEO | : : : : : | No. 147 EDA 2025 |
| APPEAL OF: JOHN W. SIBLEY | : | |

Appeal from the Order Entered December 6, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 230301713

BEFORE:  MURRAY, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED DECEMBER 1, 2025**

John W. Sibley appeals *pro se* from the order denying his petition to strike or open the default judgment entered against him in an action for wrongful use of civil proceedings. Sibley argues the record contains a fatal flaw on its face because the certificate of service for the 10-day notice of entry of default judgment bears the incorrect address. We reverse and remand.

Appellees initiated the suit in March 2023 by filing a praecipe to issue a writ of summons. They later filed a complaint alleging Sibley had brought frivolous legal malpractice claims against them.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The suit against defendant Law Offices of Richard J. Puleo was transferred to Montgomery County.

In January 2024, Appellees filed a motion for alternative service. Appellees alleged they attempted to serve Sibley at 330 Jacksonville Road, Building 7, Unit 103, in Warminster ("330 Jacksonville Road"), but he was not known at that address. They attempted to serve Sibley at two other addresses, but these attempts failed as well. Appellees hired a private investigator who concluded Sibley resided at a fourth address: 375 Jacksonville Rd., Unit 4102, in Warminster ("375 Jacksonville Road"). However, four attempts to serve Sibley at this address also failed. According to the Sheriff's Return of Non-Service, on the first attempt, there was a notice posted on the door stating that the occupant was receiving cancer treatments and needed to avoid public contact. *See* Motion for Alternative Service, filed 1/1/24, at Ex. E.

The court granted the motion for alternate service. It allowed service upon Sibley by regular mail, certified mail, and posted service at 375 Jacksonville Road. However, the prothonotary sent Sibley notice of the order to 330 Jacksonville Road. *See* Docket Entry No. 34. The notice of the order was returned as "Undeliverable as addressed." *See id.*

Appellees served the complaint on January 29, 2024, by certified mail on Sibley at 375 Jacksonville Road. They also effected service on February 7, 2024 by posting at that address. The court entered an order on February 9, 2024, sealing the case file and docket. Sibley did not file any pleading responding to the complaint.

- 2 -

The next month, Appellees filed a praecipe to enter default judgment. The praecipe included Appellees' certification that they had mailed Sibley a notice of intent to enter default judgment ("10-day notice") "at the prior place of service[.]" Plaintiff's Praecipe to Enter Default Judgment Against Defendant John W. Sibley, 3/22/24, at 1. The praecipe attached a cover letter for the 10-day notice, indicating it was being sent via certified, regular, and e-mail to Sibley at 375 Jacksonville Road. The cover letter included a certified mail tracking number. The enclosed 10-day notice also listed Sibley's address as 375 Jacksonville Road, as did the affidavit of non-military service.

However, the certificate of service for the 10-day notice stated that Appellees had mailed it to 330 Jacksonville Road, instead of 375 Jacksonville Road. Directly underneath the address, the certificate of service displays the same certified mail tracking number as the cover letter. Likewise, the certificate of service for the praecipe to enter default judgment similarly states that notice of the praecipe was sent to 330 Jacksonville Road, rather than 375 Jacksonville Road.

The court entered default judgment. Six days later, on March 28, 2024, Sibley filed a Petition to Open, Strike Off, and/or Set Aside the Default Judgment. Following a hearing, the court denied the motion. The court observed that it had ordered Appellees to serve Sibley at 375 Jacksonville Road, Appellees served Sibley original process there, and both the 10-day notice and its cover letter contain the 375 Jacksonville Road address. The

court thus concluded that Appellees had sent the 10-day notice to 375 Jacksonville Road. Trial Court Opinion, filed 3/11/25, at 6-7.

Sibley appealed, and presents the following issues:

1. Did the Trial Court abuse its discretion and commit reversible error in the Court Order issued on December 5, 2024, by denying Appellant/Defendant Sibley's Petition to Open/Strike Off and/or Set Aside the Default Judgment Entered by the Plaintiff Matthew B. Weisberg, which was timely filed on March 28, 2024, after clear and convincing evidence was introduced in exhibits A, B and D, by the Defendant Sibley demonstrating that the Praecipe to Enter Judgment by Default filed with the Prothonotary had defects on its face as Certificate of Service was addressed to the Defendant Sibley's incorrect address as well as the incorrect date of March 22, 2022?

2. Did the Trial Court Err and abuse its discretion and commit reversible error by not acknowledging or take into consideration that Plaintiff Matthew B. Weisberg, Esquire attempted to have the Bucks County Sheriff[']s Department serve Appellant/Defendant John W. Sibley a Writ of Summons to three incorrect addresses, before Plaintiff Weisberg finally found the correct address?

3. Did the Trial Court Err and commit reversible error by not acknowledging or take into consideration that Judge Gwendolyn N. Bright issued an Order on February 9, 2024[,] to have the instant case involving Defendant John W. Sibley to be put under seal which prohibited Defendant John W. Sibley from having any access to the Philadelphia County Court Docket?

4. Did the Trial Court Err and commit reversible error by not acknowledging or take into consideration that the Appellant/Defendant John W. Sibley on numerous occasions brought to the Court's attention that on March 8, 2024, the Plaintiff Matthew B. Weisberg, Esquire had sent a Ten Day Notice of Praecipe to Enter Judgment by Default was sent and recorded to the incorrect address?

5. Did the Trial Court Err and abuse its discretion and commit reversible error by not acknowledging or take into consideration that the Defendant John W. Sibley on numerous occasions brought to the Court's attention that on March 22, 2024, the Plaintiff Matthew B. Weisberg, Esquire had Filed a Praecipe to Enter a

Default Judgment with the Philadelphia County Court Prothonotary against Defendant John W. Sibley, Pro Se citing the Defendant's incorrect address at 330 Jacksonville Rd., Bldg[.] 7, Apt 103, Warminster, PA 18974?

6. Did the Trial Court Err by not acknowledging or take into consideration that the Appellant/Defendant John W. Sibley on numerous occasions brought to the Court's attention that the Defendant John W. Sibley was struggling with the Philadelphia County Court E[-]filing System and was unable to access the docket because Defendant Sibley was told on several occasions that the Defendant Sibley was not authorized to access the docket under seal and that [if] Defendant Sibley wanted to access the Philadelphia County Court Docket system under seal then the Defendant Sibley would have to travel down to Philadelphia Courthouse in City Hall and show [i]dentification in order to access the docket?

7. Did the Trial Court Err by not acknowledging or take into consideration that the Appellant/Defendant John W. Sibley on numerous occasions brought to the Court's attention that the Defendant John W. Sibley cited case law in the PETITIONER/DEFENDANT SIBLEY, PRO SE SUPPLEMENTAL RESPONSE TO COURT ORDERED RULE TO SHOW CAUSE WHY DEFENDANT'S PETITION TO OPEN/STRIKE AND VACATE DEFAULT JUDGMENT SHOULD NOT BE GRANTED filed on July 25, 2024[?]

8. Did the Trial Court Err and abuse its discretion and commit reversible error by not acknowledging or take into consideration that the Appellant/Defendant John W. Sibley had filed the "DEFENDANT SIBLEY'S MOTION FOR RECONSIDERATION TO INTERLOCUTORY COURT ORDER OF DECEMBER 6, 2024, DENYING DEFENDANT'S PETITION TO OPEN, STRIKE OFF AND/OR SET ASIDE AND VACATE THE DEFAULT JUDGMENT ENTERED BY PLAINTIFF WEISBERG" filed on December 16, 2024, citing Fraud committed by the Plaintiff Matthew B. Weisberg, Esq[.]?

Sibley's Br. at 14-16 (trial court's answers and suggested answers omitted).

Appellees have not filed a brief.

The argument section of Sibley's brief is not organized according to his questions presented, in contravention of Rule 2119 of the Rules of Appellate

Procedure. *See* Pa.R.A.P. 2119(a). Nonetheless, we are not so confused by the error as to be unable to understand Sibley's arguments. We therefore will not quash. We will address Sibley's arguments in the manner they are presented in the argument section of his brief.

Sibley first argues the court erred in denying his petition to strike. He claims it is a fatal defect that the certificate of service for the 10-day notice bears the 330 Jacksonville Road address, which is incorrect. *See* Sibley's Br. at 20 (citing Pa.R.Civ.P. 237.1(a)(2)(ii)). He points out that the certificate of service for the praecipe to enter default judgment bears the same incorrect address. He asserts he never received the 10-day notice, and "the failure to properly serve the 10-day notice and the misstatement of the service address deprived [him] of [a meaningful opportunity to defend], violating the principles of fairness and procedural justice." *Id.* at 22.

"A petition to strike a judgment operates as a demurrer to the record, and must be granted whenever some fatal defect appears on the face of the record." *Oswald v. WB Pub. Square Assocs., LLC*, 80 A.3d 790, 793-94 (Pa.Super. 2013) (citation omitted). "The standard for 'defects' asks whether the procedures mandated by law for the taking of default judgments have been followed." *Roy by & through Roy v. Rue*, 273 A.3d 1174, 1182 (Pa.Super. 2022). (citation omitted). A fatal defect is a defect that deprives the prothonotary of authority to enter the default judgment, which renders the judgment void *ab initio*. *Id.* at 1181, 1182; *see also Penn Nat'l Mut. Cas. Ins. Co. v. Phillips*, 276 A.3d 268, 274 (Pa.Super. 2022).

- 6 -

"When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered." *Oswald*, 80 A.3d at 794 (citation omitted). Notably, a petition to strike a judgment does not involve the exercise of the trial court's discretion. *Dubrey v. Izaguirre*, 685 A.2d 1391, 1393 (Pa.Super. 1996); *see also Green Ridge Bank v. Edwards*, 372 A.2d 23, 26 (Pa.Super. 1977) ("[O]ne who petitions to have a judgment stricken is required to show purely formal defects; given such defects, the petitioner prevails without regard to whether their conduct has been equitable"). Interpretation of the Rules of Civil Procedure is a question of law for which our standard of review is *de novo* and our scope of review is plenary. *Rue*, 273 A.3d at 1181.

Rule 237.1 governs the entry of default judgment for failure to respond to a complaint. *See* Pa.R.Civ.P. 237.1. The intent of Rule 237.1 is to allow the defaulting party a full 10-day period to cure the default. *Green Acres Rehab. & Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1271 (Pa.Super. 2015). Rule 2371.1 requires a plaintiff filing a *praecipe* to enter a default judgment to submit a written certification that a 10-day notice was mailed or delivered to the defendant and counsel for the defendant (if any):

> (2) No judgment . . . by default for failure to plead shall be entered by the prothonotary unless the *praecipe* for entry includes a certification that a written notice of intention to file the *praecipe* was mailed or delivered: . . .
>
>> (ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date

- 7 -

of the filing of the *praecipe* to the party against whom judgment is to be entered and to the party's attorney of record, if any. . . .

(3) A copy of the notice shall be attached to the *praecipe*.

(4) The notice and certification required by this rule may not be waived.

> *Note*: A certification of notice is a prerequisite in all cases to the entry by *praecipe* of a judgment . . . by default for failure to plead to a complaint. Once the [10]-day notice has been given, no further notice is required by the rule even if the time to file the complaint or to plead to the complaint has been extended by agreement. . . .

Pa.R.Civ.P. 237.1(a)(2), (3), (4).

When the record "reflects a failure to comply with Rule 237.1," it "is facially defective and cannot support a default judgment." ***Erie Ins. Co. v. Bullard***, 839 A.2d 383, 387 (Pa.Super. 2003). For example, if the language in the 10-day notice does not substantially conform to the language required by the Rule, the default judgment must be stricken. ***See Oswald***, 80 A.3d at 796-97. If the plaintiff fails to wait at least 10 days before filing the praecipe, the judgment "is clearly defective[.]" ***Acre v. Navy Brand Mfg. Co.***, 571 A.2d 466, 469 (Pa.Super. 1990). If the plaintiff does not attach to the praecipe a written certification that the 10-day notice was sent, that is also a fatal defect. ***Rounsley v. D.C. Ventre & Sons, Inc.***, 522 A.2d 569, 571, 572 n.1 (Pa.Super. 1987).[2] In addition, if the record shows the plaintiff did not comply

---

[2] ***See also Feigley v. Suomela***, 564 A.2d 1032, 1034 (Pa.Cmwlth. 1989) (affirming order striking default judgment where "it was clear from the face of the record that no [Rule 237.1] certification of notice was ever delivered to the prothonotary"); ***Oswald***, 80 A.3d at 795 (stating decisions of the Commonwealth Court are persuasive authority).

with Rule 237.1 by failing to mail or otherwise deliver the 10-day notice to the defendant personally, the judgment is void. **Erie Ins. Co.**, 839 A.2d at 387.

Rule 237.1 does not require the certification to state exactly when or how the plaintiff served the 10-day notice on the defendant. **Apple v. Grace**, 555 A.2d 928, 929 (Pa.Super. 1989). Nor does it require that the defendant have received the 10-day notice, so long as the record reflects the plaintiff mailed or delivered it to the defendant. **Id.** at 929-30. Thus, mailing the notice to the defendant's principal residence of record, or the place where defendant was served, sufficiently complies with the Rule, regardless of whether the defendant still resides there. **See Rue**, 273 A.3d at 1185 (finding no fatal defect where record reflected plaintiff sent 10-day notice to address of record, even though defendant was incarcerated); **Cent. Penn Nat'l Bank v. Williams**, 523 A.2d 1166, 1169 (Pa.Super. 1987) (affirming denial of petition to strike where record reflected plaintiff mailed 10-day notice to same address as where defendant had been served).

However, when the record reflects that the plaintiff sent the 10-day notice to an incorrect address, this is a fatal defect. **See Grady v. Nelson**, 286 A.3d 259, 265 (Pa.Super. 2022) ("Notices required under the Rules are ineffective if they are sent to an incorrect address"). For example, in **Grady**, the sheriff's return of service stated that the defendant's first purported address did not exist, and service was effected at a second address. However, the plaintiff thereafter sent the complaint and 10-day notice to the first, non-existent address. We held these errors "deprived [the defendant] of notice of

the proceedings and required the trial court to strike the judgment against him." *Id.*[3]

In contrast, where the certification merely states an incorrect address, or contains only a minor technical error, this is not a fatal defect so long as the record reflects the plaintiff mailed or delivered the 10-day notice to the correct address. Thus, in *Oguejiofor v. Sgagias*, No. 82 MDA 2022, 2022 WL 4589773, at *4 (Pa.Super. filed Sept. 30, 2022) (unpublished mem.), we affirmed the denial of a motion to strike a default judgment, finding that while the defendant's address listed on the 10-day notice was missing "PA," it included the correct zip code, and thus would have been delivered correctly. Similarly, we have found the plaintiff's having listed the incorrect address on the affidavit of service for the complaint was not a fatal defect, where the affidavit of service included postal forms showing the complaint was both mailed and delivered to the correct address. *See Phillips*, 276 A.3d at 271, 275.

Here, according to the certificate of service, Appellees mailed the 10-day notice to the 330 Jacksonville Road address. The record shows that that is not the address at which they were to make service. The court ordered that Sibley be served at the 375 Jacksonville Road address, and that is where original service occurred. While the 10-day notice and its cover letter both

---

[3] *See also 1650 E. 47th LLC v. 360 Degrees of Perfection*, 331 A.3d 63, 74 (Pa.Super. 2025) (reversing trial court's failure to strike foreign judgment where plaintiff sent notice of motion to amend judgment to defendant at incorrect address).

display the correct, 375 Jacksonville Road, address, the certificate of service for the 10-day notice states that the notice was mailed to an improper address, 330 Jacksonville Road. Nothing in the record clears up the ambiguity, such as a copy of the envelope in which the 10-day notice was sent, a return of service, or a postal form affirmatively evidencing where the 10-day notice was mailed or delivered.

We think this case is thus more like *Grady* than *Oguejiofor* or *Phillips*. On this record, we cannot say that the record on its face shows that Appellees complied with Rule 237.1's requirement of a certification that the 10-day notice was "mailed or delivered to the defendant." We therefore hold the trial court erred in denying Sibley's petition to strike. *See Grady*, 286 A.3d at 265. Because we find merit to Sibley's first issue, we need not reach his other issue, which is whether the court erred in denying his petition to open. *See Oswald*, 80 A.3d at 797.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/1/2025

- 11 -